JOHN EVANS, appellant, *v.* SAMUEL C. PIERCE, SAMUEL THOMAS, and the SHERIFF OF GREEN COUNTY, appellees.

*Appeal from Greene.*

A justice's jurisdiction is conferred by statute; and in its exercise he must proceed in strict conformity with the manner prescribed. A justice can render judgment against a defendant only where process is personally served on him, or he appears in person before the justice, and waives process.

A defendant cannot authorize a justice to render judgment against him, by sending a letter to such justice, requesting him to enter judgment against the defendant in favor of the plaintiff, for an amount named in the letter, although the defendant expressly state that he waived the service of process, and authorized the judgment. A judgment obtained under such circumstances is not only voidable, but is totally void; and no one can acquire any benefit or right under it.

THE proceedings in this case, in the Court below, were had at the April term, 1839, before the Hon. William Thomas.

S. T. LOGAN, for the appellant, cited 1 Peters 340; 4 Peters 466; 3 Cowen 208; 9 Cowen 227; 5 Johns. 40; 8 Johns. 70, 90; 19 Johns. 40.

WILSON, Chief Justice, delivered the opinion of the Court:

By virtue of an execution, the sheriff of Green county sold a tract of land belonging to Samuel C. Pierce, to John Evans, and gave him a certificate for a deed at the expiration of the time of redemption.

Prior to that time, Pierce sent a letter to a justice of the peace, authorizing him to enter judgment against him, in favor of Thomas, for an amount named, stating that he waived service of process; upon which the justice rendered a judgment in favor of Thomas, who then proceeded as a judgment creditor of Pierce, to redeem the

land sold to Evans, and accordingly paid the sheriff the amount that Evans had given for the land. Evans contested Thomas' right to redeem the land, and applied to the Court for a *mandamus* to compel the sheriff to make him a deed to the land, in conformity to his certificate of purchase. Pierce, Thomas, and the sheriff, made themselves parties to the motion, and, by consent, a judgment, *pro forma,* was entered against Evans, from which he appealed to this Court.

The first question that arises is in reference to the jurisdiction of the justice, in the case of Thomas *v.* Pierce. That he had jurisdiction of the subject matter of the suit, there is no doubt ; but did he acquire jurisdiction over the person of Pierce, by having him personally before him, or by legally notifying him of the proceeding against him, in the manner required by law ? A justice's jurisdiction is conferred by statute, and in its exercise he must proceed in strict conformity with the manner prescribed. Has that been done in this case ? The statute directs that suit before a justice of the peace shall be commenced by a summons, the form of which is given, and that it shall be served upon the defendant, by reading it to him ; upon the return of this process, executed by the proper officer, or upon the parties appearing in person before the justice, and agreeing to waive process, he may proceed to hear and decide the cause. In this case, however, the parties neither appeared and waived process, nor was there any process served. There was, therefore, neither cause nor parties legally before the justice to authorize his rendering judgment. The letter of Pierce did not warant it, because the law having prescribed a different mode of acquiring jurisdiction of the person of the defendant, it must be strictly pursued, and cannot be varied at the will of the party or the justice. In the case of                    it was decided that where the law requires a copy of the petition and summons to be served upon the defendant, an acknowledgment of the service thereof, purporting to be endorsed by the defendant, will not authorize a judgment by default, nor can such acknowledgment be proved in the defendant's absence. Although the letter of authority to the justice purports to be that of Pierce, yet it may not be genuine, and there is no way of ascertaining that fact ; its authenticity cannot be proved in his absence. To institute such an enquiry would be adjudicating upon the rights of the party in his absence, and without notice to him of the nature of the proceeding. (1)

Inasmuch, then, as the justice had no jurisdiction in the case of Thomas *v.* Pierce, his judgment in favor of the former, was not merely voidable, but totally void ; and as no one can acquire any benefit or right under, or by virtue of a void judgment, Thomas

(1) 4 Bibb ; Bigelow *v.* Stephens, 19 Johns. 39.

acquired no right to redeem as a judgment creditor, his judgment being void. This fact it was perfectly competent for Evans to establish when the judgment was interposed as a bar to his rights; and having done so, and Pierce having failed to redeem the land in question within the time allowed by law, and Thomas having no right to do so, the sheriff was under a legal obligation to make a deed to Evans, agreeably to the terms of sale. The judgment of the Circuit Court is therefore reversed, and the cause remanded, with instructions to that Court to proceed in the disposition of the case, according to this opinion.

*Judgment reversed.*