PETER TOURVILLE, Plaintiff in Error and Respondent, v. THE WABASH RAILROAD COMPANY, Defendant in Error and Appellant.

> 61  527
> s148m 620

St. Louis Court of Appeals, March 26, 1895.

1. **Garnishment:** PROTECTION OF GARNISHEE. A garnishee must, for his own protection, see that jurisdiction of the defendant has been properly acquired by the court in which the garnishment proceedings are pending.

2. ———: ———: ESTOPPEL OF DEFENDANT. And though the defendant has been duly notified by the garnishee of the pendency of the garnishment proceedings, and of the day set for the trial therein, yet fails to appear, he will not by reason thereof be estopped from invoking the absence of such jurisdiction as against the garnishee.

3. **Jurisdiction:** CONSTRUCTIVE SERVICE: LAW OF ILLINOIS. Constructive service will not confer jurisdiction, unless the statutory requirements in regard thereto have been strictly complied with. Such is the law not only of this state but also of Illinois, in which the garnishment in question in this action was instituted.

*Error and Appeal from the St. Louis City Circuit Court.*
HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED (*with directions*).

*Virgil Rule* for plaintiff in error.

(1)  Payment of the judgment is no protection against the suit of Tourville, it being void for want of jurisdiction.  2 Wade on Attachment, sec. 401; 1 Freeman on Judgments, sec. 120, and cases cited; *Mercier v. Chace,* 9 Allen, 242; *Houston v. Musgrove,* 35 Tex. 594; *Ponder v. Mosely,* 2 Fla. 267; *Shriver v. Lynn,* 2 How. 43; *Williams v. Railroad,* 8 Mo. App. 135; *Noble v. Thompson Oil Co.,* 79 Pa. St. 353, 354; *Bosden v. Fitch,* 15 Johns. 121; *Gage v. Hill,* 43 Barb. 44; *Bissell v. Briggs,* 9 Mass. 462; *Shimway v. Stillman,* 4 Cowen, 292.  (2)  The East St. Louis court never obtained jurisdiction over Tourville under the laws of Illinois.  R. S. (Ill.) [Hurd's Ed.] 1891, ch. 11, secs. 50–53, p. 176; *People v. Jarrett,* 7 Ill. App. 569–571; *Evans v. Pierce,* 3 Ill. 469; *Bines v. Proctor,* 5 Ill. 174; *Nelson v. Rockwell,* 14 Ill. 377; *Baldwin v. Ferguson,* 35 Ill. App. 394; *Werner v. Werner,* 30 Ill. App. 159; *Thormeyer v. Sisson,* 83 Ill. 188; *Haywood v. Collins,* 60 Ill. 328.  (3) The record failing to show proper service on Tourville, the presumption is conclusively against the judgment.  1 Wade on Attachment, sec. 47; *Morrow v. Weed,* 4 Iowa, 77; *Tift v. Griffin,* 5 Ga. 185; *Chenning Bank v. Judson,* 8 N. Y. 254; *Williams v. Railroad,* 8 Mo. App. 135; *Haywood v. Collins,* 60 Ill. 328.

*George S. Grover* for defendant in error.

(1.)  The proceedings in East St. Louis, here under review, disclose a substantial compliance with the stat-

utes of Illinois, and that is all that is necessary in such cases. R. S. (Ill.) 1891, pp. 133, 134, 135, 136, secs. 42 to 58; *Ibid.*, pp. 752 to 758. (2) Even if such proceedings were irregular, the judgment was in the plaintiff's favor, and he is, therefore, estopped from here questioning them. Herman on Estoppel, sec. 53, p. 46, and cases cited; Freeman on Judgments, sec. 249, and cases cited; *Strong v. Ins. Co.*, 62 Mo. 289; *Henry v. Woods*, 77 Mo. 280; *Shelbina Hotel Ass'n v. Parker*, 58 Mo. 327; *Caldwell v. White*, 77 Mo. 471. (3) The payment by defendant of the judgment here under consideration is a perfect defense to this action. *Stevens v. Dillman*, 86 Ill. 233; Drake on Attachment, sec. 699; *Osborne v. Schutt*, 67 Mo. 712; *Homes v. Corbin*, 20 Mo. App. 497; *Minor v. Roger Coal Co.*, 25 Mo. App. 78; *Marchildon v. O'Hara*, 52 Mo. App. 523.

ROMBAUER, P. J.—The trial court rendered a judgment for plaintiff for $38.60. From this judgment the plaintiff prosecutes his writ of error, claiming that he was entitled to judgment on the conceded facts for the entire amount sued for, which was $81. The defendant on the other hand appeals from the judgment, claiming that the plaintiff was entitled to judgment only for $21.83 on the conceded facts, and that the court erroneously taxed the costs against the defendant, as it had tendered that amount to the plaintiff prior to the institution of the suit. It will thus appear that, while the parties instead of prosecuting cross appeals bring their grievances to this court by independent proceedings, the one by writ of error and the other by appeal, the entire controversy arises upon the same record, and the disposition of the complaints of either party necessarily disposes of those of the other.

Touching the facts of the case there is no controversy whatever, as they appear partly by an agreed statement, partly by documentary evidence, and partly by uncontroverted oral evidence. The judgment of the court, therefore, is a mere conclusion of law. The facts thus appearing are as follows. The defendant is a consolidated corporation, acting under several charters, one of which it obtained in the state of Missouri and another in the state of Illinois. The plaintiff was in the defendant's employ in the state of Missouri and earned wages amounting to $80.98, which the defendant at the time hereinafter stated owed to the plaintiff. The plaintiff sued the defendant for the recovery of these wages before a justice of the peace in the city of St. Louis. That suit was instituted on the tenth day of June, 1891. The defendant not appearing, judgment was rendered against it by default. From this judgment the defendant appealed to the circuit court, where upon a retrial of the cause the judgment for $38.60 was rendered in plaintiff's favor, of which both parties now complain.

The defense interposed by the defendant to the recovery consists of the following conceded facts. One Flannigen, a resident of East St. Louis, in the state of Illinois, brought suit by attachment before a justice of the peace in that city and state against the plaintiff on the third of June, 1891, and on the same day served a notice of garnishment on the defendant corporation, incorporated in the state of Illinois. The affidavit for attachment filed in that suit stated that Tourville was a nonresident of the state of Illinois, and was a resident of St. Louis in the state of Missouri. The justice thereupon made an order of publication returnable on the thirteenth day of July, 1891, which order was in due form and upon which the constable made the following return:

"Executed the within notice by posting one notice at the postoffice and one notice at Egler's saloon, and one notice at the justice's office, this twenty-ninth day of June, 1891."

Section 50 of chapter 11 of the Revised Statutes of the state of Illinois provides, among other things, that the notice "in such cases shall be posted at three public places *in the neighborhood of the justice,* and if the place of residence of the defendant is stated in the affidavit for attachment he (the constable) shall at the same time *mail one copy of the notice addressed to such defendant* at such place of residence; and on or before that day he shall return the notice delivered to him by the justice with an indorsement thereon stating the time when, and the places where, he posted *and mailed* copies as herein required." (The italics are our own.)

The defendant company informed Tourville of the fact, that suit had been brought against him by attachment in East St. Louis, and that it had been garnished in said suit, and requested him to appear and defend the suit, but he failed to do so. Judgment by default was rendered against Tourville in East St. Louis, and thereupon the plaintiff in that suit (Flannigen) proceeded there against the defendant as garnishee. The defendant answered setting up in its answer that it was not subject to garnishment, because the debt it owed to Tourville was contracted in the state of Missouri and payable there, and further that it was exempt by the laws of the state of Missouri from attachment, because Tourville was the head of a family and the amount attached consisted of wages for the last thirty days. The defendant also claimed that the debt was exempt from attachment by the laws of the state of Illinois. The justice allowed the Illinois exemption, which amounted to $50, but denied the Missouri exemption and rendered judgment against the defendant company

for the residue of the claim. From this judgment the defendant [company appealed to the city court of East St. Louis, where the judgment was affirmed, and the defendant company prosecuted no further appeal.

It was decided by the supreme court of the state of Illinois in *Wabash Railroad Company v. Dougan,* 142 Ill. 248, that the defendant company under the circumstances above stated was subject to garnishment, and that it could not in such garnishment proceedings claim for one of its employees an exemption from attachment provided for him by the state where he resides, but that it could claim for him the exemption from attachment provided by the laws of the state of Illinois. It results that the judgment, rendered against the defendant company as garnishee of Tourville by the city court of East St. Louis, was a valid judgment according to the laws of the state where rendered, and is a full protection to the defendant company, provided the judgment against Tourville in East St. Louis was obtained on service provided by the laws of the state of Illinois. The plaintiff concedes this, but maintains that the judgment rendered against him by the justice was void for want of jurisdiction, and, being the foundation of the entire garnishment proceeding, the latter proceeding was likewise void. This contention is based upon the provisions of section 50, *supra,* which we have placed in italics, and is in brief that the constable's return of service fails to show that two of the notices posted were posted at public places *in the neighborhood of the justice,* and furthermore fails to show that the constable at any time *mailed a copy of the notice to him, Tourville, at the place of his residence,* although such place of residence was stated in the affidavit for attachment.

A garnishee must for his own protection see that jurisdiction of the defendant has been properly acquired

by the court. Drake on Attachment, section 695; *McCloon v. Beattie*, 46 Mo. 391; *Epstein v. Salorgne*, 6 Mo. App. 352. Under the decisions of the courts in the state of Illinois, as well as under the decisions of this state, constructive service can confer no jurisdiction unless the requirements of the statute are strictly complied with. The case of *Thormeyer v. Sisson*, 83 Ill. 188, is directly in point. Had the defendant company shown, when it was proceeded against on the judgment against Tourville, that such judgment was obtained in disregard of the mandates of the statute, and hence without jurisdiction, no valid judgment could have been rendered against it. The facts showing want of jurisdiction appeared by the papers on file in the justice's office, and it was under all the decisions the duty of the defendant company to ascertain whether the court had jurisdiction of Tourville. The defendant company, however, failed to make that defense in its answer.

It is contended here that the plaintiff should be held estopped from questioning the validity of that judgment, because he was personally informed by the defendant company that a suit was pending against him in the city of East St. Louis, and on what day such suit was set for trial. That argument is inadmissible, because jurisdiction can not be conferred by estoppel. In *Evans v. Pierce*, 3 Ill. 468, the defendant, who was not properly served, sent a letter to the justice consenting that judgment might be rendered against him for a certain amount, yet it was held he was not estopped from challenging the validity of the judgment thus rendered. The question in these cases is not whether the defendant knew that an action was pending against him, but whether notice of that fact was brought home to him in the manner provided by

statute. The law deals with notice and not with knowledge.

It results from the foregoing that the court erred in holding that the defendant company was entitled to credit for the amount paid by it in the garnishment proceedings. The judgment is reversed, and the cause remanded with directions to the trial court to enter judgment for plaintiff for $81, the amount sued for, and admittedly due if we disregard the garnishment proceedings. All the judges concur.