CRAWFORD v. DOPPLER, *Administrator, Appellant.*

Division One, February 19, 1894.

1. **Practice:** INSTRUCTION: WEIGHT OF EVIDENCE. An instruction that the issues can not be found for plaintiff except upon the greater weight of the evidence in his favor is proper in a case triable by a jury.

2. ———: ———. An omission in an instruction may be supplied by its insertion in another one.

3. ———: EXCESSIVE VERDICT: REMITTITUR. An excessive verdict may be remedied by a *remittitur* in the supreme court.

*Appeal from Clinton Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*J. W. Coburn* for appellant.

(1) The statement sued on does not allege any promise to pay interest, or that the claim was due, or had been demanded; nor was any promise to pay

interest really proved. The statute, section 5972, provides when interest shall be allowed; and the petition or statement, even in the probate court, should show how the debt earned interest. (2) As the promise to pay interest could not have been made prior to the McAllister loan in 1884, no back interest should have been allowed; the instructions, however, allowed it from the alleged date of the loan. There was no consideration shown for the back interest. *Redman v. Hampton*, 26 Mo. App. 504. (3) Instructions number 1 asked by the plaintiff, and number 1 given by court of its own motion, were antagonistic, and could not be read together or reconciled. The first authorized the jury to find interest if it found that there was a promise to pay interest. The other instruction did not require any promise. Who can say by which one the jury was governed? *State v. Herrell*, 97 Mo. 105; *McNichols v. Nelson*, 45 Mo. App. 454; *State v. Brumley*, 53 Mo. App. 131.

*M. G. & J. Moran* with *W. H. Rogers & J. F. Harwood* for respondent.

(1) An oral contract to pay interest is valid and will be enforced to the extent of six per cent. interest. R. S. sec. 5972; *Filley v. McHenry*, 71 Mo. 417. The promise in this case was to pay more than six per cent. interest, and while this promise can not be enforced because not in writing, yet plaintiff is entitled to six per cent. from the date of the contract promising to pay a higher rate. *Filley v. McHenry*, *supra*, and sec. 5972 *supra*. (2) The supreme court will not reverse a judgment unless it appears that error has been committed by the lower court materially affecting the merits of the action to the prejudice of appellant. R. S. 1889, sec. 2303; *Gordon v. Eans*, 97 Mo. 603;

*Valle v. Picton,* 91 Mo. 215; *State ex rel. v. Edwards,* 78 Mo. 478; *Miller et al. v. Graham,* 41 Mo. 509; *Hunter v. Miller,* 36 Mo. 143; *Orth v. Dorschlein,* 32 Mo. 366. (3) A judgment will not be reversed because of the giving of erroneous instructions unless the appellant was injured thereby. R. S. 1889, secs. 2100-2303; *Otto v. Bent,* 48 Mo. 23; *Wells v. Zaller,* 59 Mo. 509; *Haniford v. Kansas City,* 103 Mo. 172; *Kinney v. Railroad,* 105 Mo. 287; *Mellor v. Railroad,* 105 Mo. 462.

BRACE, J.—On the twenty-seventh of February, 1891, the plaintiff filed the following claim in the probate court of DeKalb county against the estate of D. J. Crawford, deceased, who died on the twenty-eighth of March, 1890.

*The estate of David J. Crawford, deceased.*

To Mary Crawford, Dr.

| | | | |
|---|---|---|---|
| August, 1883. | To money loaned deceased............ | | $2,500 00 |
| | To Int. on same to date, 6 per cent..... | | 1,100 00 |
| June 18, 1888. | Credit by 1 cow................. .....$25 ·00 | | |
| January, 1889. | Credit by cash....................... 25 00 | | |
| November, 1889. | Credit by cash....................... 10 00 | | |
| | | $65 00 | $3,600 00 |
| | | | $3,535 00 |

Which account was properly subscribed and sworn to by Mary Crawford.

The trial resulted in a verdict for respondent. An appeal was taken by appellant to the circuit court of DeKalb county, where, after a hung jury, appellant took a change of venue to the circuit court of Clinton county, where, on a trial on May 24, 1892, the jury returned the following verdict: "We, the jury, find for the plaintiff for the sum of $2,500 and interest, *less* the payments of $60, leaving a balance due of ($3,740) thirty-seven hundred and forty dollars."

From the judgment entered upon this verdict the administrator appeals.

The evidence for the plaintiff tended to prove that she was the mother of D. J. Crawford, deceased; that for many years prior to 1881, she was a widow living with her family of children in St. Joseph, keeping boarders; that four of her children were boys, employed in railroad service whose wages she drew during their minority and afterwards; that one of them was killed in the year 1870; and that in 1872 she received the sum of either $1,200 or $2,500 for his death from the railroad company—there is a conflict of testimony as to the amount—that in the year 1881 she had accumulated from these various sources between $3,000 and $4,000; that in March of that year, she and her son, the deceased, purchased a lot in St. Joseph for which they paid the sum of $5,600; that the deed was taken in the name of the son, and that the plaintiff furnished $2,500 of the purchase money; that afterwards in July, 1883, her son, the deceased, entered into a contract for the purchase of a farm of eight hundred acres, for which he was to pay $20,000, and on which he paid the sum of $2,000; that in order to raise the money to pay the remainder of the purchase money for the farm, it became necessary for him to sell the lot in St. Joseph belonging to him and his mother, and to borrow some more money; that accordingly, on the twenty-seventh of August, 1883, he sold the lot for $5,600, agreeing with his mother that he would pay the $2,500 which she had invested therein as soon as he had finished paying off his other indebtedness for the farm, and that he would pay her the same rate of interest that he had to pay one McAlister from whom he expected to borrow the additional amount that he needed to make up the purchase money for the farm; that on the next day he paid the

money received for the lot together with other moneys amounting to the sum of $16,000 on his contract for the farm; that there was some defect in the title and the remaining $2,000 was not paid perhaps until after the loans from McAlister, one of which was made on the thirty-first of March, 1884, and was paid off March 28, 1885, and the other made October 18, 1884, and paid on the seventeenth of October, 1885, on both of which the deceased paid eight per cent. interest. The evidence further tended to prove the payments credited on the account filed, at the time and in the amounts therein credited, and tended to prove a further payment of $51 in August, 1885.

The main issues in the case, whether the plaintiff did in fact lend her son the sum of $2,500 on the twenty-seventh of August, 1883, and whether her son did in fact make the several payments at the dates respectively stated in the claim presented to the probate court on account of said loan, were presented to the jury, by the court, in its instructions, in a very clear and satisfactory manner, and they were further instructed that these issues could not be found for the plaintiff except upon the greater weight of the evidence in her favor. Under these instructions the jury found for the plaintiff, and their verdict is conclusive. We know of no rule of law that requires more than a preponderance of evidence to sustain a verdict of a jury, in a case properly triable before a jury, as this was. R. S. 1889, sec. 202.

The court further instructed the jury that if they found these issues for the plaintiff they should allow her six per cent. per annum interest on the amount loaned from the date of the loan. We find no error in the instructions on the question of interest. It is true that the deceased didn't actually get the money to pay the balance of the purchase money on the farm, on

which he was doubtless paying interest, from McAlister until March, 1884, but he got the plaintiff's money on the twenty-seventh of August, 1883, and the spirit of the agreement is that he would pay his mother the same rate of interest that he would have to pay McAlister, and the legal rate of six per cent. on such agreement was properly allowed from the date of the loan. There was no doubt about the agreement to pay interest, if the fact of the loan was found in favor of the plaintiff, and the fact that the court omitted in one of its instructions to require the jury to find such an agreement, which it supplied in another, is no ground for reversal.

There was no error in the refusal of the court to give the defendant's fifth instruction framed upon the theory of mutual current accounts. The case was presented to the jury upon the proper theory of a loan and payments thereon.

We find no error in the trial of this case except the failure to allow the credit of $51 paid on the loan in August, 1885, which amount the respondents offer to remit. A *remittitur* for that amount with interest thereon from the date of the payment to the date of the judgment will be entered, and the judgment affirmed. All concur except BARCLAY, J., absent.