Rose v. McCook.

MARY A. ROSE, Respondent, v. JOHN J. McCOOK *et al.*, ⁷⁰ ¹⁸³| ₈₂ ₆₀₂|
Receivers, Appellants.

Kansas City Court of Appeals, April 5, 1897.

1. **Damages:** MEASURE OF: INSTRUCTION: DEFENDANT'S DUTY. If plaintiff's instruction on the measure of damages is proper in all that it does state, the defendant can not object where he fails to ask an instruction limiting the jury to matters proper to be considered.

2. ———: INSTRUCTION: MAY HAVE SUSTAINED. The words "may have sustained" in an instruction on the measure of damages are *held* as equivalent to "have sustained."

3. **Railroads:** NEGLIGENCE: WEEDS ON RIGHT OF WAY: INSTRUCTION. In an action for personal injuries received at a crossing, it is *held* an instruction telling the jury it was not negligence for defendant to permit weeds to grow upon its right of way, was properly refused.

4. **Appellate and Trial Practice:** ARGUMENT OF COUNSEL: RECORD: ACTION OF COURT. Where the record fails to show the court did not rebuke counsel for his conduct in his argument, or that exception was taken to the action of the court, or that proof of his conduct was offered on the hearing of a motion for a new trial, the appellate court can not consider the matter.

5. ———: CONTINUANCE: RECORD. The record in this case does not justify the appellate court interfering with the trial court's discretion in refusing a continuance.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Gardiner Lathrop, Hale & Whiteman,* and *S. W. Moore* for appellants.

(1) The court obviously erred in giving instruction number 2 at the request of the plaintiff. The instruction is erroneous for the reason that it failed to inform the jury of the proper elements of compensation within the meaning of the law. What are the elements of damage is a question of law for the court and it is the duty of the court when it undertakes to instruct on the measure of damages to instruct correctly and to state to the jury that certain elements of damage may enter into their verdict. *Hawes v. Stock Yards Co.,* 103 Mo. 60; *Jacquin v. Cable Co.,* 57 Mo. App. 320; *Stephens v. R. R.,* 96 Mo. 207, 211; *Matney v. Grain Co.,* 19 Mo. App. 107, 112; *Stewart v. City of Clinton,* 79 Mo. 603, 607, 614; *Flynt v. R. R.,* 38 Mo. App. 94, 98; *McGowan v. Ore and Steel Co.,* 109 Mo. 518; Patterson on R'y Acc. Law, sec. 389, p. 468; 1 Shearman & Redfield on Neg. [4 Ed.], sec. 740, p. 629; Sutherland on Dam. [2 Ed.], sec. 1256, p. 2694; *Goss v. R'y,* 50 Mo. App. 614; *Bigelow v. R'y,* 48 Mo. App. 367; *Fry v. R. R.,* 45 Iowa, 416. (2) We submit that the court erred in overruling the defendants' applications for a continuance, and in forcing them to go to trial in the absence of material testimony. *Darne v. Broadwater,* 9 Mo. 19; *Barnum v. Adams,* 31 Mo. 532. (3) We submit that the court erred in refusing to give instruction number 4, as requested by the defendants. *Pence v. R'y,* 42 Am. and Eng. R. R. Cases (126) 133; *R. R. v. Hawkins,* 40 Am. and Eng. R. R. Cases, 201; *R'y v. Johnson,* 61 Ill. App. 461; *R. R. v. Nelson,* 59 Ill. App. 308. (4) We submit that the defendants were prejudiced by improper remarks of plaintiff's counsel in his closing argument. Similar remarks by counsel, outside of the

record, and calculated to obtain a verdict upon other grounds than those made by the pleadings and evidence, have been sufficient in many adjudicated cases in Missouri and elsewhere for the granting of a new trial. *Evans v. Town of Trenton*, 112 Mo. 390; *Haynes v. Town of Trenton*, 108 Mo. 123–133; *Ritter v. Bank*, 87 Mo. 574; *Roeder v. Studt*, 12 Mo. App. 566; *Wilbur v. R. R.*, 48 Mo. App. 224; *Norton v. R. R.*, 40 Mo. App. 642, 647; *Marble v. Waters*, 19 Mo. App. 134; *Gibson v. Zeibig*, 24 Mo. App. 65; *Ins. Co. v. Allen*, 80 Ala. 571; *Brow v. State*, 103 Ind. 133; *Hall v. Wolf*, 61 Iowa, 559; *Rudolph v. Landwerlen*, 92 Ind. 34; *Powell v. R'y*, 59 Mo. App. 335, 343.

*Virgil Conkling* and *Jas. L. Minnis* for respondent.

(1) Appellants contend that instruction number 2 is erroneous because it fails to inform the jury of the proper elements of compensation within the meaning of the law. In support of the contention numerous decisions are cited. It is to be observed that all of the decisions cited by appellants in support of their criticism of the above instruction were overruled by the cases of *Haymaker v. Adams*, 61 Mo. App. 581; and *McCarroll v. Kansas City*, 64 Mo. App. 283; following our supreme court, in *Browning v. R. R.*, 124 Mo. 55–71. (2) The action of the court in overruling appellants' applications for a continuance was not error. (3) As to instruction number 4 the instructions given by the court fully presented every issue and phase of the case to the jury; and when the instructions taken together fully present the issues to the jury, this will suffice even though refused instructions may have contained correct principles of law. *Baller v. Cohen*, 42 Mo. App. 97. (4) The record shows no error in relation to the remarks of the attorney. *State*

*v. Cunningham*, 100 Mo. 382; *State v. Harkins*, 100 Mo. 666; *Newman v. Newman*, 29 Mo. App. 649; *Pembrook v. R. R.*, 22 Mo. App. 61; *State v. Doyle*, 107 Mo. 36; *Flynn v. Neosho*, 114 Mo. 567; *Wilburn v. R'y*, 48 Mo. App. 224.

ELLISON, J.—Plaintiff was injured by defendants' cars at a railroad crossing near Carrollton and having brought this action on account thereof obtained judgment for $1,000.

The evidence for plaintiff tended to show that she, her husband, son and a driver were in a double seated carriage, going into Carrollton, when they STATEMENT. approached the defendants' track at a point where the surroundings were as follows:

There is a gradual ascent from Carrollton to some distance beyond the crossing in question, or as is commonly called an up-grade. On the south side of the railroad are two public highways, one running directly south from said crossing and one running east and west, which intersects the road running south at the intersection of the latter, with appellants' right of way, where they merge into each other, and run thence north, crossing the railroad track at right angles, to the north side of the right of way, thence west to Carrollton. The right of way extends about fifty feet south of the track, on the west and east side of the highway which crosses the track. On the east side of the highway, beginning a few feet south of the track, on the right of way is a dump, about six feet high, extending to the south side of the right of way. At the time plaintiff received her injuries vegetation and weeds about eight feet high were standing on said dump, and extending about the same height for one hundred yards east on the right of way immediately north of the highway running east and west. Said weeds and vegetation were

of sufficient height and thickness to obstruct the view of persons traveling on said highway running east and west, of trains approaching from the east on appellants' railroad, from a point on said highway about one hundred yards east of the crossing, to within a few feet of the track.

There was abundant testimony to justify the verdict of the jury, and we have therefore only to pass upon the action of the court in giving instruction number 2, for plaintiff, and refusing instruction number 4, asked by defendants, as also defendants' complaint founded upon the court's refusing it a continuance and failing to rebuke plaintiff's counsel for remarks made at the argument.

Instruction number 2, for plaintiff, was in these words: "If the jury find for plaintiff they will assess her damages at such sum as will reasonably compensate her for all the injuries she may have sustained to her person by reason of being struck by defendants' train, not to exceed the sum of two thousand dollars." One objection is that it failed to embody the elements of damages which the jury could consider. The objection is not well taken. It was proper in all that it states in regard to damages, and if defendants wished it limited to a specification of what were the proper matters to consider, it should have asked an instruction in that respect. The former rule has been abandoned. *Haymaker v. Adams*, 61 Mo. App. 581; *McCarroll v. Kansas City*, 64 Mo. App. 283; *Browning v. Railway*, 124 Mo. 55.

But it is also contended that the instruction is faulty, in that it permits the jury to compensate her for all injuries which she "may *have* sustained." The objection urged is that this phrase directs, or at least permits the jury to conjecture the damage plaintiff sustained by reason of the

*[margin note: DAMAGES: measure of: instruction: defendant's duty.]*

*[margin note: ——: instruction: may have sustained.]*

accident.    Several authorities are cited where the language of the instruction was clearly liable to be so understood by a jury.    Thus, in *Fry v. Railway*, 45 Iowa, 416, the jury were directed to allow the plaintiff such damages as would fairly compensate her for all past, present and future physical suffering, "which is, has been or may be caused by said injury."    The use of the word "may," in the connection there used is altogether different from its use in the connection in which it was employed in the instruction in this case. The connection in which the words, "may have sustained," were used in the instruction here, renders the meaning equivalent to "has sustained," and was doubtless so understood by the jury.

2.    There was no error under the evidence in this case, in the court's refusal of defendant's instruction number 4, wherein the court was asked to direct the jury that it was not negligence for defendants to permit weeds to grow on its right of way, near the crossing.

RAILROADS:
negligence:
weeds on right
of way: instruction.

3.    An assignment of error is made here which is based on the following, which is all appearing in the bill of exceptions connected with the point: "During the argument of the counsel, one of the plaintiff's attorneys, James L. Minnis, Esq., used language, in addressing the jury, set forth in the affidavit of T. J. Whiteman, which is attached to the motion for a new trial. To the language used, defendants' counsel at the time duly excepted."

APPELLATE and
trial practice:
argument of
counsel: record:
action of court.

In the motion for new trial the matter is referred to in this language: "10th.    Because the court erred in permitting counsel for the plaintiff, James L. Minnis, to use language as charged in the affidavit of T. J. Whiteman, hereunto attached as a part of this motion

against the exception of the defendants at the time made.''

The affidavit referred to, among other things, on other subjects, contains the following: ''And affiant further says, that in the argument to the jury, at the conclusion of the evidence, James L. Minnis, one of the counsel for plaintiff, used language substantially as follows: 'Of course all these men who are working for the defendants will swear that the whistle was blown and the bell was rung, everybody expects that they would do that; they wouldn't be working for the railroad company if they didn't.' ''

It does not appear by the foregoing that the court did not rebuke counsel for using the language set out. It does not follow from the fact that defendants excepted to the language that the court did not rebuke counsel in the presence of the jury for using the language. It does not appear that the court made a ruling on the subject. The bill of exceptions states that exception was taken to the words uttered, but no exception was taken to the action of the court. It does not appear whether the language was or was not justified by what may have been uttered by defendants' counsel. It does not appear that the affidavit was introduced in evidence on the hearing of the motion for new trial, and under the ruling of the supreme court we must rule the point against defendants. *State v. Doyle*, 107 Mo. 36. In that case Judge MACFARLANE used the following language:

'' The usual complaint is made to the remarks of the prosecuting attorney in his argument to the jury. This objection was raised in the motion for a new trial, and was supported by an affidavit, but the bill of exceptions fails to show that this question was heard, on the hearing of the motion, or that the affidavit was read to the court, or that other evidence was offered.

Taking the presumptions that are indulged in favor of the correctness of the proceedings of the circuit court, with the failure to preserve the evidence, if any was heard, we must presume the court ruled correctly on the point.''

4.   It is next contended that the court erred in refusing defendants' application for a continuance. As to this point we discover nothing in the record to justify us in interfering with the trial court's discretion in the premises.

———: continuance: record.

The judgment will be affirmed.   All concur.