J. E. DUNN by Next Friend, Respondent, v. NORTHEAST
ELECTRIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 29, 1899.

1. **Damages:** PERSONAL INJURY: MENTAL ANGUISH: INSTRUCTION.
Where the injury is of such a nature that pain and anguish necessarily
follow its infliction, an instruction may assume there was such pain
and mental anguish.

2. ———: BOY'S LABOR: DISCRETION OF JURY. A boy injured so as to
affect his earning capacity after reaching his maturity is entitled to
compensation therefor. And, as there can be no direct proof of its
value, it must be left to the sound judgment and conscience of the
jury guided by the circumstances of the case.

3. ———: MATURITY OF BOY: UNCERTAINTY OF LIFE. Whether a boy
will attain the age of twenty-one years can not be established by
positive proof, must be be left to the uncertainty of life.

4. ———: ELEMENTS OF: INSTRUCTION. Where an instruction on the
measure of damages is not improper as far as it goes, it is not a sub-
ject of objection and the defendant should supplement it by such
additional elements of damage as he may think proper.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

SCARRITT, VAUGHAN, GRIFFITH & JONES for appellant.

(1) Verdict was against weight of the evidence. (2)
Erroneous instruction as to measure of damages. The
evidence does not support this instruction. (3) The reasona-
ble expectancy of this life to warrant such an instruction
should have been shown by some evidence. O'Mellia v. Rail-
way, 115 Mo. 205-222; Sellers v. Foster, 42 N. W. Rep.
(Neb.) 907; Chase v. Railroad, 39 N. W. Rep. (Iowa) 196.
It is reversible error to give an instruction when there is no

evidence to support it, especially an instruction upon the measure of damage. Duke v. Railroad, 99 Mo. 347; Mateer v. Railroad, 105 Mo. 320-353; Dunn v. Railway, 21 Mo. App. 205; Gessley v. Railway, 26 Mo. App. 156; Hawes v. Stock Yards Co., 103 Mo. 60; Hinds v. Marshall, 22 Mo. App. 208; Staal v. Railway, 13 N. E. Rep. 624; 107 N. Y. 625; Winter v. Railway, 38 N. W. Rep. 154; 74 Iowa 448. (4) The instruction assumes the existence of the facts in question. This is harmful error. Walters v. Cox, 67 Mo. App. 299-302; Comer v. Taylor, 82 Mo. 341-347; Dowling v. Allen, 88 Mo. 293-296; Robertson v. Drane, 100 Mo. 273-275; Meriwether v. Railway, 45 Mo. App. 531. (5) Instruction does not set out proper elements of damages. Hawes v. Stock Yards Co., 103 Mo. 60-66; McGowan v. Ore & Steel Co., 109 Mo. 532; Gessley v. Railway, 26 Mo. App. 156-160; Clark v. Loan Co., 46 Mo. App. 248; Jacquin v. Cable Co., 57 Mo. App. 320-335; 3 Sutherland on Damages, 731. (6) Damages are purely speculative. Ross v. Kansas City, 48 Mo. App. 440; Francis v. Transfer Co., 5 Mo. App. 7; Shearman & Red. on Neg. [4 Ed.], 743.

L. A. LAUGHLIN for respondent.

(1) Defendant attacks the instruction on the measure of damages. This instruction follows generally that approved by the supreme court in Prewitt v. Railroad, 134 Mo. 615, 623, and Sackewitz v. Biscuit Co., 78 Mo. App. 144. See, also, Fullerton v. Fordyce, 144 Mo. 519, 532. (2) The last objection that the damages are purely speculative is really disposed of by what is said under other objections.

ELLISON, J.—This is an action for personal injuries received by plaintiff. He recovered in the trial court.

The evidence tended to show that plaintiff, a boy four years old, was playing in the street over which defendant's street railway ran. That in attempting to cross over the

track the car ran over him, inflicting serious injury. A part of his scalp was torn down over his face. The evidence further tended to show that the motorman was not attentive to his duties at the time and that if he had been, he would have discovered the child in time to have stopped the car and averted the injury. We are satisfied that the case was properly left to the jury on the facts.

The principal question relates to the instructions. It is contended that that given for plaintiff on the measure of damages was improper in that it assumed that plaintiff suffered bodily pain and mental anguish. If the injury is of such nature that pain and anguish must necessarily follow its infliction, then it is not error to assume that there was such pain and anguish. Prewitt v. Railway, 134 Mo. 615, 623; Fullerton v. Fordyce, 144 Mo. 519, 532. The cases of Comer v. Taylor, 82 Mo. 347, and Walters v. Cox, 67 Mo. App. 302, were seduction cases, and the instruction in the former assumed that the father, and in the latter, that the woman herself, suffered in their feelings, affections and wounded pride. In the variety of human character are found persons who do not suffer in their affections, or from family or wounded pride, as the result of seduction, and it was therefore improper in those cases to assume that such injury existed in those cases. But in serious bodily hurt, of a permanent kind, pain and anguish necessarily follow.

DAMAGES: personal injury: mental anguish: instruction.

The next objection to the instruction is that there was no evidence of what the value of the boy's labor would be after he arrived at the age of twenty-one. Direct proof establishing matter of this character can not be had. It necessarily results that much must be left to the sound judgment and conscience of the jury guided, as best they can, by the facts and circumstances developed in the case. Schmitz v. Railway, 119 Mo. 256. It could scarcely be denied that plaintiff is

——: boy's labor: discretion of jury.

entitled to such damage as a recompense for his injury and if direct proof of such loss is required, it would, practically, deny him relief for a confessed right.

It is also objected that there was no proof that plaintiff would live to be twenty-one years old. This is a matter that could not be established. It must be left to ——: maturity of the uncertainty which goes with the uncer-boy; uncertainty of life. tainty of life. Plaintiff was present before the jury, his condition was a matter of contest at the trial and it must be left to the jury to say what the probabilities are.

It was next objected that the instruction did not tell the jury what were the proper elements of damage. Defendant, in support of this point, relies on McGowan v. ——: elements of: Ore & Steel Co., 109 Mo. 532. That case is instruction. authority for the point suggested, but it has not been followed by the supreme court in later cases. The instruction was not improper as far as it went and if defendant wished more specific direction it should have asked it.

Instruction (5) for plaintiff properly submitted to the jury the issues involved in the case. An examination of the record shows that the objections to the judgment are mostly technical and without substantial merit. There was no error substantially affecting the merits of the controversy and we should therefore affirm the judgment. All concur.