# McNAMARA, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, April 12, 1904.

1. **CARRIERS OF PASSENGERS: Physical Facts Opposed to Testimony.** In an action against a street railway company for injuries sustained by the starting with a sudden jerk of a car, which plaintiff had boarded, before she could take a seat, where the evidence of experts showed that a car could not start suddenly, or with a jerk, on a wet and slippery track, evidence that there had been a rainfall that day of .06 of an inch and the day before of .37 of an inch, the hours at which it fell not being given, and it not being shown that it was necessary to use sand to prevent slipping, were not sufficient to justify the conclusion that plaintiff's testimony was inconsistent with the physical facts, and the case was for the jury.

2. **DAMAGES: Measure of: Instruction.** In an action for personal injuries, an instruction upon the measure of damages, general in its phraseology and silent as to the features of pain and suffering incurred, is not erroneous where the jury is not left to speculation or conjecture.

3. ———: ———: ———. Where the injuries are of such a nature that they are necessarily attended by physical pain and suffering, the assumption of their presence is not in all instances prejudicial error, if the defendant fails to ask the instructions more specifically confining the consideration of the jury to the proper elements of damage.

4. ———: **Excessive Verdict.** Where the plaintiff's testimony showed that she was confined to her bed for three months or more, suffering continuous pain, a verdict of $1,000 does not justify any suspicion of prejudice or bias on the part of the jury.

## Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*Sears Lehmann* with *George W. Easley* for appellant.

(1)   The trial court erred in not setting aside the verdict on the grounds set out in the motion for new trial.   Spiro v. Transit Co., 76 S. W. 684; Kennedy v. Transit Co., 103 Mo. 1; Nugent v. Milling Co., 131 Mo. 241.   (2)   The court erred in giving to the jury at the request of the plaintiff, the following instruction.: "If the jury find for the plaintiff, they may, in estimating her damages, take into consideration all the facts and circumstances as detailed in evidence—her bodily injuries, if any, and whether or not they are permanent in their nature, and allow her therefor such sum as they may believe from the evidence she has been damaged; not exceeding ten thousand dollars."   This instruction is erroneous because it does not define to the jury the elements of damage or give to them the law on the measure of damages, but gives to them a roving commission to assess, under all evidence and circumstances, whatever damages they might see fit.   Wilburn v. Railroad, 36 Mo. App. 203; Flynt v. Railroad, 38 Mo. App. 94; Camp v. Railroad, 94 Mo. App. 273.

*John P. Leahy* and *Kleinschmidt & Reppy* for respondent.

(1)   If the verdict in view of all the evidence is not so out of line with reason and justice as to shock the conscience, or to satisfy the unbiased mind that it was not the result of impartial and unprejudiced deliberation, the appellate court will not reverse it as being excessive.   Perrette v. Kansas City, 162 Mo. 239.   (2) The instruction on the measure of damages contains all the elements of damage except physical pain and mental anguish which may be assumed in the instruction where the injuries are of such a nature that pain and anguish necessarily follow.   Dunn v. Railway, 81 Mo. App. 42;

Kelly v. Stewart, 93 Mo. App. 592; Fullerton v. Fordyce, 144 Mo. 532.

REYBURN, J.—In this action plaintiff seeks to recover for injuries alleged to have been sustained in the afternoon of November 17, 1902; her petition charges and the testimony in her behalf tended to show, that she boarded a south-bound car on Broadway at southeast corner of Lucas avenue, on her way to where she lived in southern part of the city of St. Louis; as she entered such car, as a passenger, and was proceeding to take a seat, but before seating herself, in response to the conductor's signal, the car was started with a sudden severe jerk and an unusual and violent jolt which precipitated her to the floor, throwing her against a seat. The injurious consequences of the fall, she deposed, had kept her in bed for three months and more, and caused her pain continuously to time of trial in September following.

The testimony further revealed that plaintiff was thirty-five years of age, unable to read or write and prior to the occurrence had performed the household duties of her family, composed of two children and her husband. That plaintiff fell as she entered defendant's car was not controverted, but the evidence of numerous witnesses was to the effect, that a fall from the cause assigned was impossible, as the day being rainy and the tracks wet, a car as a physical fact could not be started with a jolt or jar sufficient to throw any one down as the wheels in moving would slip along the wet rails.

The court appeared to have instructed to the full extent asked by the opposing parties, and the jury returned a verdict for one thousand dollars. Appellant interposes as reasons rendering it imperative that the judgment should be reversed, that the verdict is not supported by, but contravenes the weight of the trial evidence, and is so excessive as to be manifestly the result of passion and prejudice on the part of the jury.

It is maintained that the description of the event by plaintiff is conclusively refuted by physical facts established by common experience, namely that a car on a rail, slippery from moisture or dampness, can not be started forward with a violent jerk, nor if practicable would such jerk cause a person standing erect within to fall forward.

The observer of the weather bureau in the United States service, offered by defendant, testified that the rainfall on the day of the occurrence was six one-hundredths of an inch and that of the day preceding thirty-seven one-hundredths of an inch but without ascertaining at what particular hours such rainfall ensued, and it was disclosed that the motorman in charge of the car did not find it necessary to employ the sand with which the car was equipped, to prevent it from slipping, so that it can not be confidently affirmed that with such slight rainfall a sudden and violent starting of the car with such powerful motive power at hand was beyond the possibility of occurrence, and the weight of the testimony to such effect elicited from street car employees as experts was properly to be passed upon by the jury. As intimated, the plaintiff herein appears to have been illiterate and uneducated, and a careful analysis of her testimony does not authorize any deduction that it is lacking in good faith, or incredibly inconsistent with reason or physical laws within the rule recognized by this court in Spiro v. Transit Co., 102 Mo. App. 250, which is invoked by appellant.

The instruction prescribing the standard of plaintiff's recovery was in the following language:

"If the jury find for the plaintiff, they may, in estimating her damages, take into consideration all the facts and circumstances as detailed in evidence—her bodily injuries if any, and whether or not they are permanent in their nature, and allow her therefor such sum as they

may believe from the evidence she has been damaged; not exceeding ten thousand dollars.''

This instruction is characterized as deficient in defining the elements which entered into recovery and permitting the jury to award such damages as it might see fit. The phraseology is rather general and is silent as to features of pain and suffering usually comprehended in instructing the jury in such cases upon the legal measure of a plaintiff's award, but the jury is not left to grope in the dark nor is the jury left to mere speculation and conjecture to the fatal degree condemned in the cases to which reference is made, notably Camp v. Wabash Railway, 94 Mo. App. 272, and like authorities. Where the injuries are of such nature, that they are necessarily attended by physical pain and suffering, the assumption of their presence is not in all instances prejudicial error, and if defendant desired the jury more specifically confined to consideration of all the proper elements of damages in such an action, an instruction properly framed of the character desired should have been presented. Wheeler v. Bowles, 163 Mo. 398; Dunn v. Railway, 81 Mo. App. 42; State ex rel. v. Fidelity Co., 94 Mo. App. l. c. 198; O'Neil v. Blase, 94 Mo. App. l. c. 669.

No inference can be drawn from the amount of the verdict justifying any suspicion of bias, prejudice or passion on part of the jury, and after a careful review of the record no reversible error therein is made visible and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.