CHICK QUICK and EMMA QUICK, Respondents, v.
OMAR A. WILLIAMS and MINNIE WILLIAMS,
Appellants.*

Kansas City Court of Appeals. May 4, 1925.

1. **COVENANTS: Warranty: Damages: Measure of Damages for Failure of Title is the Purchase Money Paid for That Part of Land to Which Title Fails.** Measurement of damages in case of failure of title to a portion of land conveyed, is the purchase money paid for that part of the land to which title fails.

2. **INSTRUCTIONS: Where Plaintiff's Instruction on Measure of Damages is Good as Far as It Goes, if Defendant Desires a More Specific Instruction He Should Offer One.** Where plaintiff's instruction on measure of damages is good as far as it goes, defendant, if he desires a more specific instruction upon the subject, he should offer one.

3. ————: **All Instructions Must be Read Together and If They Are Not Inconsistent and the Law Fully Declared Therein, Defendant is Not Prejudiced.** All instructions must be read together and if there is no inconsistency between them and the law is fully and fairly declared, defendant is not prejudiced.

4. ————: **Defendant Could Not Complain of Insufficiency of Plaintiff's Instruction on Measure of Damages Where His Own Instruction on Same Subject Was Given.** In an action for damages for breach of a covenant of warranty of title in a deed, defendant could not object that plaintiffs' instruction on the measure of damages was insufficient where his own instruction on the subject was given; court not justified in assuming that defendant's instruction was proper.

5. **COVENANTS: Warranty: Damages: In Exchange of Lands, Value Agreed upon by Parties in Contract Therefor Became Basis of Measure of Damages.** In an action for the breach of a covenant of warranty of title as to part of land exchanged, evidence *held* to show that the measure of damages was to be based upon the value of lands as agreed upon by the parties in the contract of exchange.

*Corpus Juris-Cyc. References; Covenants, 15 C. J., p. 1321, n. 4. Trial, 38 Cyc., p. 1693, n. 55; p. 1779, n. 75; p. 1785, n. 90.

Appeal from the Circuit Court of Holt County.—*Hon. Guy B. Park,* Judge.

AFFIRMED.

*Eastin & McNeely* for respondents.

*Frank Petree* for appellants.

BLAND, J.—This is a suit for damages for breach of a covenant of warranty of title in a deed made by defendants to plaintiffs, conveying eighty acres of land in Holt county. There was a verdict and judgment in favor of plaintiffs in the sum of $902.37 and defendants have appealed.

Plaintiffs obtained title to the land in question as the result of a contract entered into on January 5, 1920, between the parties. The contract recites that defendant Omar A. Williams agreed to exchange his eighty acres of land located in Holt county, Missouri, "for the sum of ten thousand dollars to party of the second part (plaintiff Chick Quick) for his 160 acres located in Holt county, Missouri, . . . for the sum of twenty thousand dollars. The contract then recites that there were certain encumbrances upon the respective tracts; that the eighty-acre tract was encumbered in the sum of $4,000 and the 160 acres in the sum of $14,000. Each party was to pay the accrued interest on the outstanding loans to the date of the consummation of the trade. It will thus be seen that it was agreed that each of the parties had an equity of $6,000 in their respective tracts.

It is admitted that the title failed as to 7.142 acres of the eighty. The only question at issue at the trial and submitted to the jury was as to the amount of damages. There was a conflict in the testimony as to the relative value of the 7.142 acres as compared with the average value of the whole eighty.

219 Mo. App.—22.

The material part of plaintiffs' instruction reads as follows:

"The sole question, therefore, for your determination is the amount of plaintiffs' recovery, and you are instructed that where, as in this case, there is a total failure of title, the damages for a breach of the covenant of warranty are the purchase money paid for the land with interest from the date of such payment.

"You will, therefore, in determining the amount of your verdict, ascertain from the evidence, the price, if any, paid to defendant for the 7.142 acres which plaintiffs failed to receive, and you will add to the price so paid interest at the rate of six per cent per annum from the date of payment and render your verdict for the plaintiffs for the sum so paid with such interest."

The material part of defendants' instruction No. 1 is as follows:

". . . The only question submitted to you is the amount for which they (defendants) are liable to plaintiffs. In determining this amount, you should first find the amount that plaintiffs paid to defendants for the whole tract of land conveyed by the deed described in plaintiffs' petition, and then allow to plaintiffs such part of the amount so paid by plaintiffs for the whole tract as the value of the 7.142 acres lost to plaintiffs bears to the value of the whole tract, and you will add to that interest at six per cent from the time plaintiffs lost possession of the said land."

The court on his own motion gave the following instruction:

"You are instructed that in determining the proportionate value of the 7.142 acres lost to plaintiffs, you will take into consideration the relative value of the said 7.142 acres compared to the value of the whole tract as shown by the (contract in) evidence, and the proportionate value found by you may be more or less than the average value of the whole tract as the evidence may warrant."

The defendants asked the court to give the last-mentioned instruction with the words in parenthesis omitted and the court gave the instruction after inserting those words.

Defendants assignments of errors read as follows:

"1. The court erred in giving instruction numbered one on the part of the plaintiffs in this, that the instruction ignored the evidence of defendants tending to prove that the land lost by reason of the failure of title, was worth less than the average value of the whole tract, and the instruction was inconsistent with instruction numbered one given for defendants and which correctly declared the law applicable to the measurement of damages in the case."

"11. The court erred in refusing to give instruction numbered two asked by defendants, and in modifying it and giving it of his own motion as modified."

The rule in reference to the measure of damages in cases of this kind is well stated in 15 C. J., pp. 1321, 1322, section 224, as follows:

"The general rule for the measurement of the damages in case of failure of title to a portion of the land conveyed is that the vendee can recover only such part of the original purchase price as bears the same ratio to the whole consideration that the value of the land to which the title has failed bears to the value of the whole premises, such relative values to be ascertained as of the time of the conveyance instead of the time of the trial, together with interest and costs."

None of the instructions cover the merits of the entire case but are merely on the measure of damages. There is no question but that plaintiffs' instruction as far as it went, is good. The rule is well settled in cases of this kind that the measure of damages is the purchase money paid for that part of the land to which title fails. [Adkins v. Tomlinson, 121 Mo. 487, 495; Jeffords v. Dreisbach, 168 Mo. App. 577, 583.] The only criticism

that can be levied at plaintiffs' instruction is that it failed to tell the jury how they were to find the purchase price of that part of said land. It is well settled that where plaintiff's instruction on the measure of damages is good as far as it goes, defendant, if he desires a more specific instruction upon the subject, should offer one. [Longan v. Weltmer, 180 Mo. 322; Rose v. McCook, 70 Mo. App. 183; Dunn v. Electric Ry. Co., 81 Mo. App. 42.] And that all of the instructions must be read together and if there is no inconsistency between them and the law is fully and fairly declared, defendant is not prejudiced. [Senn v. So. Ry. Co., 135 Mo. 512, 520; Crawford v. Doppler, 120 Mo. 362.]

Defendants' instruction No. 1 seems to be consistent with the rule as to how and in what manner the jury are to arrive at the damages suffered in cases of this kind unless the jury would be led to believe that it was the relative value of the land at the time of the trial rather than at the time of the conveyance, that was material. It would seem from the testimony that there was no difference in the relative value of the land to which title failed at the time of the conveyance and at the time of the trial, therefore, the instruction may be a proper one on the subject. However, it was the duty of defendants to offer a proper instruction and we are justified in assuming at this time, in view of the fact that they do, that their instruction was proper.

The court did not err in amending defendants' instruction No. 2. In this connection it is claimed that the rule is different where the property to which title has failed is obtained as the result of trade of real estate; that in such circumstances the value of the property should be ascertained. There is no question but that this is the general rule (15 C. J., p. 1319, section 223), but the rule only applies when there is an absence of an agreement as to the value of the land which constituted the consideration for the land to which the title has failed. This

subject is fully covered in Howard v. Hurst, 156 Mo. App. 205, 210, 211, where it is said:

". . . In an action for the breach of a covenant of warranty to land the measure of damages is the purchase money paid and six per cent interest from the time of yielding possession. [Lambert v. Estes, 99 Mo. 604; Coleman v. Lucksinger, 224 Mo. 1.] And where the consideration for the deed is an exchange of land the value of the land received by the covenantor for his deed is the measure of damages. [Miller v. McCoy, 50 Mo. 214.] We do not think there can be any disagreement as to the rule as stated. But it is a question whether it is applicable to the case as presented on the part of plaintiff. In the absence of any proof as to agreement or representation of value the rule would be absolute.

. . .

"It is well-settled law that in the exchange of land where the value is agreed upon by the parties the value thus fixed becomes the measure of damages in an action on the covenants of warranty. It is only in cases where the amount of the consideration for the exchange is not expressly agreed upon that the actual value of the property is adopted as the basis for the measure of damages. [Evans v. Fulton, 134 Mo. 653, and authorities cited; Dickson v. Desire's Adm'r, 23 Mo. 1. c. 166-167.]"

The evidence in the case at bar shows that in the exchange of the lands the value was agreed upon by the parties and, therefore, it became the basis of the measure of damages.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.