JESSE LINDELL v. THE PRESIDENT, DIRECTORS & CO. OF THE BANK OF MISSOURI.

OCT. TERM 1835.

Lindell
v.
The President,
Directors &c.

Judgt. was obtained against the Bank, and the record stated that the parties appeared by their attornies. Afterwards on motion, and affidavit that the person on whom notice was served, was not at the time of service an officer of the Bank, the judgt. was by the cir. ct. set aside. Held to be erroneous. The record, after the term, could not be contradicted by affidavit.

ERROR to the circuit court of St. Louis county.

Opinion of the court delivered by McGirk J.*

This was a proceeding against the Bank under the 27th, section of the act of incorporation, which provides, that if the notes of the Bank, are presented to the Bank for specie payment and refused, that in addition to the amount of said notes, the bank shall forfeit, and pay five per centum per month, whilst such payment is withheld, which shall be recovered by motion in a summary way. Lindell gave notice to the bank, that he held the notes and that he should make the motion. In the year 1825, at the November term of the circuit court for the county of St. Louis, Lindell recovered against the bank, the sum of $800, the amount of the notes, together with the sum of 5 per centum per month, till paid. The record states, that the plaintiff Lindell, as well as the bank, appeared by their attorneys, and the trial was had, and judgment given. On this judgment, two writs of scire facias issued to revive the same, and some other proceedings were had. In 1833, the bank moved to set the original judgment aside, on the ground, that there was no notice or lawful process served on the bank, either as regards the scire facias or the original motion and judgment. Whereon, Henry VonPhul and some other person made affidavits, that when the original notice was served on T. F. Riddick, he was not President, and that then there were no regular officers of the bank. On this testimony, the court set aside the judgment and all subsequent proceedings thereon. To reverse this judgment of setting aside the original judgment, Lindell brings his writ of error, and shows to the court here a notice of the writ of error served on Josiah Spalding, attorney of record in the court below, in the case where the original judgment was set aside. The only question to be considered, is, whether the court could contrary to

*Judge Wash did not sit in this case, having been counsel for Lindell in the court below.

the record, receive proof that the parties were not rightfully in court, when Lindell's judgment was rendered against the bank. The record says the bank appeared by attorney. This must stand as true, at all events it cannot be contradicted by affidavit. If this were allowed, then every judgment rendered in a court of record, would at all times be subject to the same proceeding, no property would be safe, the sanctity of a record would be lost, and with it, all security for right. It may be, if the attorney who appeared for the bank, did so by mistake, this mistake if discovered, might be corrected during the term, but hardly afterwards. The judgment of the circuit court is reversed with costs.

