IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### JULY TERM, 1872, AT JEFFERSON CITY.

---

BENJAMIN MILLER, Respondent, v. JOHN C. McCOY, Appellant.

1. *Judgment — Appearance of parties.*—The record of a judgment or decree which recites that both parties appeared to the suit by their counsel is *quoad hoc* properly admissible in evidence. It certainly cannot be attacked collaterally.

2. Allegata *and* probata *— Consideration — Money — Lands.* — Although the consideration named in a deed sued on is money, evidence is proper showing it to have been in fact lands given in exchange and of the value named.

*Appeal from Kansas City Court of Common Pleas.*

*Karnes* and *Ess,* for appellant, cited Smith v. Ross, 7 Mo. 465; Murphy v. Williams, 1 Ark. 376; Woodford *et al.* v. Howell, 2 Ark. 1; Ferguson v. Ross, 5 Ark. 517; Kimball v. Merrick, 20 Ark. 12; Eaton & Betterton v. Pennywit, 25 Ark. 144.

*C. H. Thornton,* for respondent, cited Lindell v. Bank, 4 Mo. 228, reaffirmed in Rutger v. Bank, 4 Mo. 315; Griffin & Kinote v. Samuels, 6 Mo. 51; Weber v. Schmeisser, 7 Mo. 600,

Miller v. McCoy.

reaffirmed in Ramsey v. Goodfellow, 7 Mo. 594; Latrielle v. Dorleque, 35 Mo. 233.; Baker & Dalton v. Lusk, 16 Mo. 111; Landes v. Perkins, 12 Mo. 254; Landes v. Brant, 10 How. 359, 371; Bernecker v Miller, 44 Mo. 111; Childs v. Shannon, 16 Mo. 336; Chouteau v. Nuckolls, 20 Mo. 445; Cooper v. Reynolds, 10 Wall. 308; Woods, Christy & Co. v. Mosier, 22 Mo. 335·; Samuels v. Shelton, 48 Mo. 450.

ADAMS, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff, as assignee of Charles H. Thornton, on the covenants in a deed from the defendant to Thornton for certain real estate in Kansas City. The consideration mentioned in the deed was $2,500, and the breach alleged was eviction by superior title. The answer denied all the allegations of the petition, but set up no counter-claim or other defense.

The plaintiff, to maintain his case, introduced the record of proceedings had to enforce a prior vendor's lien against the property which resulted in a judgment and sale of the property, and showed that the purchaser took possession under this alleged paramount title. There was some defect in the service of notice in that case on some of the parties, but the entry of judgment shows that all the parties appeared by their attorneys, and submitted the case for trial, etc.

The proof showed that, although the consideration is mentioned as money in the deed sued on, it really was not money, but lands in the State of Kansas, rated by the parties at $2,500. Proof was introduced to show the value of the Kansas lands, and the defendant offered to prove by parol that the title to the Kansas lands were defective, that they were Indian lands, etc. This proof was rejected by the court. The jury found a verdict for the amount of the purchase-money and interest.

1. The record of the foreclosure of the vendor's lien was properly admitted. The recitals of the appearance of the parties. is conclusive, at least in a collateral proceeding. Whatever may be the rulings of other courts, it is well settled in this State that such an appearance is sufficient to warrant a personal judgment

against the defendants. (Lindell v. Bank, 4 Mo. 228 ; Rutger v. Bank, 4 Mo. 315 ; Griffin & Kinote v. Samuels, 6 Mo. 51 ; Weber v. Schmeisser, 7 Mo. 600 ; Latrielle v. Dorleque, 35 Mo. 233 ; Landes v. Perkins, 12 Mo. 254.)

2. The evidence to prove the value of the Kansas lands was admissible for the purpose of showing that the real consideration was of the amount stated in the deed. But the title to these lands was not in controversy. The defendant had not set up any counter-claim for breach of the covenants in his deed, and therefore any evidence on that subject was foreign to the issues and properly excluded. On the whole record, I think the judgment was for the right party.

Judgment affirmed. The other judges concur.