CHARLES NEVATT, Appellant, v. SPRINGFIELD NORMAL SCHOOL, Defendant; GEORGE HINDAMN, Garnishee, Respondent.

St. Louis Court of Appeals, February 21, 1899.

1. **Domestic Judgment:** JURISDICTIONAL RECITALS: PRESUMPTION. This being a domestic judgment rendered by a court of general jurisdiction and also of the subject-matter, its jurisdictional recitals, in the absence of affirmative record evidence to the contrary, are conclusively presumed to be true; as the recital in question found the facts to be such as are required by statute to authorize the service of a summons in a county other than that in which the suit was brought, it necessarily follows that the court did not err in directing a summons to the sheriff of that county in which the president or other chief officer of the defendant could be found.

2. ———: ———: NON EST RETURN. If such facts could only be shown by a *non est* return, then there is nothing in the judgment in the case at bar which disproves the possibility that such a return was exhibited to the court.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

WHITE & McCAMMON for appellant.

The circuit court of Greene county had jurisdiction of the defendant. The proper method of obtaining service upon a corporation was fully complied with. The following sections of the Revised Statutes of 1889 cover the case. Secs. 2527, 2528 and 2529. Every fact necessary to confer jurisdiction and show the validity of such service is fully recited in the judgment. There was not the faintest reason for the arbitrary action of the trial judge in dismissing this proceeding for want or jurisdiction. Suit may be instituted against a corporation

in the county where the cause of action accrues.    It is a mat-
ter of evidence to be brought before the court on the trial to
determine whether it has jurisdiction in respect to that matter.
If the evidence shows that the cause of action accrued in the
county where the suit was instituted, and service is had in
accordance with the provisions of section 2527, the court has
jurisdiction.    R. S. 1889, sec. 2529; Roberts, Adm'r, v. Ins.
Co., 26 Mo. App. 92; Dixon v. Railroad, 31 Mo. 409; Miles
v. Railroad, 54 Mo. 145.    When a corporation can not be
served in the county where suit is brought, summons may issue
in the first instance to any county where proper service can be
had.    R. S. 1889, sec. 2527.    There is nothing before this
court to show on what evidence the circuit of Greene county
found the existence of jurisdictional facts; it is sufficient that
it found them, and it will be presumed that it had the proper
evidence before it upon which to base the finding.    Gates v.
Tusten, 89 Mo. 13; Freeman on Judg. [3 Ed.], secs. 124, 130;
Huxley v. Harrold, 62 Mo. 516.

C. W. HAMLIN for garnishee.

Appellant's contention in the trial court has always been,
that the court can determine, whether the defendant corpora-
tion had an office in said county, or if the president or chief
officer can be found in said county, just as he would determine
any other fact.    Our contention is that it can only be found
from the return of the officer on summons directed to him.
And the garnishee has a right to raise this question in this way.
See Gate City Electric Co. v. Corby, 61 Mo. App. 630.    Where
the service of summons is not in the ordinary way it is like
service by publication—must be obtained in strict accordance
with the statute providing for it.    State ex rel. v. Horine, 63
Mo. App. 1, particularly page 6 and cases there cited.    I repeat
once more that legal service can only be had in the manner
pointed out by the statute and the only legal evidence the court
could have of the absence from the county of the office of the

corporation or its president or other chief officer was the sheriff's return and there being none the clerk was wholly without authority to issue summons to Henry county, and judgment rendered on such summons and service is void. Gate City Electric Co. v. Corby, 61 Mo. App. 630.

BOND, J.—This suit was instituted in the circuit court of Greene county on the fourteenth of January, 1898. Plaintiff had judgment for $186.50, which not having been entered of record at the time of its rendition, the court made a *nunc pro tunc* entry thereof on the twelfth day of April, 1898, to wit:

"Charles Nevatt, Plaintiff,
        v.                                 } Account trial by court. Judgment for plaintiff for $186.50.
"Springfield Normal School, a corporation, Defendant.

"Now on this 14th day of January, 1898, comes on said cause to be heard, plaintiff appears in person and by attorney, and the court having heard the evidence and all things being considered, finds that the defendant is a corporation duly organized under the laws of this state, and that the cause of action herein accrued in this county, and that at the time the summons herein was issued and from that time to the present, the said defendant had no office or place of business in this county, and at the time said summons was issued, and during the said time the president and chief officer of said corporation could not be found in this county. And it appears to the court that defendant has been duly served with process in Henry county, Missouri, by the sheriff of said Henry county, on the 4th day of December, 1897, by delivering to John E. Fesler, the president of said corporation in Henry county, a copy of the writ of summons and a copy of the petition herein, and that the defendant has failed to file herein any answer, demurrer or other pleading within the time prescribed by law, but makes default, and it is now ordered that the default of defendant be entered. And the evidence having been heard

and all things considered, and the cause having been submitted
for trial on the merits by the plaintiff, the court finds that the
defendant is indebted to the plaintiff in the sum of one hun-
dred and eighty-six dollars and .50 dollars ($186.50) for print-
ing circulars and catalogues as per plaintiff's account filed with
his petition.

"It is therefore ordered and adjudged that the plaintiff
have and recover of and from the defendant the sum of one
hundred and eighty-six .50 dollars ($186.50) and his costs
herein laid out and expended, for all which execution may
issue."

An execution issued on this judgment, upon which de-
fendant Hindman was garnished.    His answer to the inter-
rogatories was denied and issues joined.    Upon his motion a
change of venue was granted to Lawrence county.    At the
August term of the circuit of that county he moved to dismiss
the garnishment proceedings and for an allowance to himself,
upon the suggestion that the judgment against the original de-
fendant was rendered without service of process, and hence
void.  The learned trial judge acceded to this view, dismissed
the garnishment proceedings, and discharged the garnishee,
from which ruling plaintiff appealed.

It is conceded in the abstract of the record that the fore-
going judgment correctly states the service of process upon
which it was rendered, hence the whole question for decision is
whether or not the recitals of the judgment show the court had
no jurisdiction of the person of the defendant?    For un-
less that appears from the face of the judgment its
validity can not be questioned when sought to be
enforced by garnishment, without subjecting it to
collateral attack, and this the law does not permit.
Godman v. Gordon, 61 Mo. App. 685; Wise v. Lor-
ing, 54 Mo. App. 258; Truesdail v. McCormick, 126 Mo. loc.
cit. 45.    If the judgment under which the garnishee is sum-
moned is void, he is entitled to a discharge.    If it is merely

voidable, he is not for that reason entitled to a discharge. Hopkins v. Huff, 67 Mo. App. 394; 61 Mo. App. *supra*. This is so because he occupies the status of a stranger to the judgment against his creditor, and hence can only urge against it the objections available on collateral attack. It is conceded that the suit culminating in the foregoing judgment was properly brought in Greene county where the cause of action accrued. R. S. 1889, sec. 2527; Mikel v. Railway, 54 Mo. 145. Nor is it denied that the defendant was actually served with process in Henry county, but the argument of respondent is, that the issuance of a summons to the sheriff of Greene county and a return of *non est*, was a condition precedent to a right to serve the same defendant by summons in another county. The judgment recites as a fact all that could have been evidenced by a *non est* return of a summons issued to Greene county. This recital of the judgment can not be impugned by matter *in pais* or by any other evidence than the record itself or some portion thereof. It is not shown by any part of the record before us that the judgment recital that the defendant therein had no office or place of business in Greene county and that its president nor chief officer could be found in said county, was untrue. This being a domestic judgment rendered by a court of general jurisdiction and also of the subject-matter, its jurisdictional recitals, in the absence of affirmative record evidence to the contrary, are conclusively presumed to be true, and as the recital in question found the facts to be such as are required by statute to authorize the service of a summons in a county other than that in which the suit was brought, it necessarily follows that there was no error in directing a summons to the sheriff of that county in which the president or chief officer of the defendant could be found. R. S. 1889, sec. 2527. That this was done, appears also from the further recitals of the foregoing judgment. What was the particular evidence upon which the court rested its finding of the facts necessary to authorize service in Henry county, is immaterial. If (which

we do not concede) such facts could only be shown by a *non est* return, then there is nothing in the foregoNON est return. ing judgment which disproves the possibility that such a return was exhibited to the court. It is clear, therefore, according to the facts found in the foregoing judgment, that the service of process on the defendant in Henry county was in exact accordance with the statute governing suits against domestic corporations. We are therefore unable to accept the conclusion to which the argument of respondent's counsel leads that the judgment in this case does not show jurisdiction of the person of the defendant therein because it is not accompanied by a further record reciting a return of *non est* upon a summons issued in the county where the suit was brought. That a judgment recital of due service may be contradicted by the return itself, if copied in the record, is the law. Laney v. Garbee, 105 Mo. 355. But that it is necessary to validate a judgment of recital of due service against collateral attack that the service itself should be shown in the record, is a proposition unsustained either by reason or authority.

The learned counsel for respondent cites Story v. Ins. Co., 61 Mo. App. 534. That case merely passed on the sufficiency of the return in the county where the suit was brought, the question of its sufficiency being raised upon a direct attack by writ of error. Obviously it has no bearing on the point under discussion. Neither does Gate City Electric Co. v. Corby, same volume, touch the point under review. In that case the court merely held that a judgment was void which was based upon a return (preserved in the record) which showed on its face no service upon the defendant, and that a garnishee was entitled upon showing that fact to be discharged, which is in accordance with the well settled rule.

Our conclusion is that the trial court erred in sustaining the motion of the garnishee for the dismissal of this proceeding against him. The judgment herein is therefore reversed and the cause remanded. All concur.