CHARLES M. HOWARD, Appellant, v. E. N. HURST, Administrator of the estate of HENRY ZWEIGART, deceased, Respondent.

Kansas City Court of Appeals, May 1, 1911.

1. WARRANTY, BREACH OF: Exchange of Lands: Evidence: Agreed Value. In an action for breach of warranty brought against the administrator of deceased, who had traded 660 acres of land in Missouri with plaintiff for four sections of land, in Texas, evidence of defendant administrator was admitted that the actual value of the Texas land was less than ten dollars per acre. Plaintiff claimed that this was error because by agreement the Texas land was to be valued at ten dollars per acre. *Held*, that it was entirely competent for the defendant to show the actual value of the land conveyed to him by plaintiff, because it was not admitted by defendant that there was any representation or agreement as to such value.

2. ————: ————: Instructions: Agreed Value. In an action for breach of warranty brought against the administrator of deceased, who had traded land in Missouri for plaintiff's land in Texas, plaintiff's evidence showed that he had been compelled to pay subsequently $7000 to buy in the outstanding life estates and other titles in two quarter sections of land to which deceased did not have fee simple title. *Held*, that, in view of the fact that there was evidence of the agreed value of the land of plaintiff in Texas, it was error to instruct the jury that if they found that the value of the life estates was equal to or greater than the amount paid by plaintiff for said land, then they should find a verdict in favor of plaintiff for nominal damages only, but, *if the consideration paid by plaintiff to deceased should exceed the value of said life estate,*

in the land in controversy, then their finding should be in favor of the plaintiff "for the difference." Such an instruction was erroneous in that it took from the jury the issue presented by the evidence that the value of the Texas land was by express agreement fixed at ten dollars per acre.

3. ———: ———: **Peremptory Instruction.** In an action for breach of warranty against the administrator of deceased, who had traded land in Missouri for plaintiff's land in Texas, plaintiff based his measure of damages upon the agreed value of the Texas land, and did not rely for a recovery upon the basis of the actual value. Plaintiff's evidence that there was an agreed exchange value of ten dollars per acre for his Texas land was uncontradicted. *Held*, that, although in such cases a peremptory instruction in favor of plaintiff, as a general rule should be given, yet, if such an instruction be refused, the appellate court will assume that the trial court questioned the credibility of plaintiff's testimony. If, on a new trial, there is nothing to impeach the credibility of plaintiff's evidence as to the agreed value of the Texas land, the peremptory instruction should be given.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

REVERSED AND REMANDED.

*John H. Crain* and *M. T. January* for appellant.

(1) In an exchange of lands when the value is agreed upon by the parties, the value thus fixed becomes the measure of damages in an action on the covenant of warranty. Cook v. Curtis, 68 Mich. 611; 8 Am. and Eng. Ency. of Law (2 Ed.), p. 189. (2) Evidence that the land received in consideration for a conveyance with warranty, is in fact worth less than the value put upon it by the parties in the trade, is incompetent in an action for breach of covenant of warranty. Cook v. Curtis, 68 Mich. 611. (3) The recital of the consideration in a deed is prima facie the true consideration and in the absence of countervailing evidence is conclusive. 4 Ency. of Evidence, p. 232. (4) Where the title fails to only a part of a larger tract conveyed with warranty the ven-

dee is entitled to recover a proportional part of the consideration he paid, and if he buys in the paramount title at a reasonable price, the amount so paid becomes his measure of damages. Dickson & Gantt v. Desires Admr., 23 Mo. 151; Ency. of Evidence, p. 231; Sedgwick on Measure of Damages (6 Ed.), p. 191. (5) In determining whether he has paid a reasonable price for this paramount title, the value of the land at the time he purchases such title is the criterion. Dickson & Gantt v. Desires Admr., 23 Mo. 151.

*Scott & Bowker* for respondent.

(1) In an action for breach of covenant of warranty of seizin the measure of damages is limited to the consideration paid, and in such cases the recited consideration in the deed may be contradicted by showing what the true consideration was. Allen v. Kennedy, 91 Mo. 324; Coleman v. Lucksinger, 224 Mo. 1; Lambert v. Estes, 99 Mo. 604. (2) Where the consideration for the deed is an exchange of lands the value of the land received by the covenanter for his deed is the measure of damages. Quick v. Walker, 224 Mo. 1; Miller v. McCoy, 50 Mo. 214; Bert v. Beverage, 15 Minn. 205. (3) Where the covenanter conveys a life estate by his deed its value must be deducted from the consideration paid and if this should equal in value the amount of the consideration the covenantee would not be damaged. Hartford v. Miller, 41 Conn. 113; Lockwood v. Sturdevant, 6 Conn. 375; Tanner v. Livingston, 12 Wend. 83; Huntsman v. Hendricks, 44 Minn. 423; Curtis v. Brannon, 69 L. R. A. 760.

BROADDUS, P. J.—This suit originated in the probate court of Vernon county, Missouri. On appeal to the circuit court where it was tried anew the plaintiff recovered nominal damages in the sum of one dollar, from which judgment he appealed.

In the year 1900, Henry Zweigart, the deceased, claimed to be the owner of six hundred and sixty acres of land in Vernon county, Missouri. This land the deceased exchanged with plaintiff for four sections of land in the state of Texas, and about thirteen hundred dollars in cash. The recited valuation in the deed of deceased to plaintiff was $26,934. It is admitted, however, that the consideration was the Texas land and $1364.00 as stated. Evidence was admitted by the court as to the value of the Texas land which ranged from two to ten dollars an acre.

The deceased did not have a fee simple title to two quarter sections of the land he conveyed to plaintiff. It is agreed that one Jason Campbell brought suit against plaintiff, who had taken possession of the land conveyed to him, to ascertain and determine the title to one of said quarter sections, under the provisions of section 650, Revised Statutes 1899; that deceased was duly notified of the pendency of the suit; and that he employed counsel and defended the same; that a decree was rendered declaring that Campbell was the owner of the land subject to the life estate of his mother Cynthia; that afterwards G. L. McCully and others brought a similar suit against plaintiff for another quarter section, which also resulted in a decree to the effect that they were the owners of the title to said quarter section subject to the life estate of one John F. McCully, and that deceased had notice of and was requested to defend the action.

In August, 1909, plaintiff bought the interest of Jason Campbell in the land for $2500, at which date Cynthia Campbell, the life tenant, was sixty-five years of age. On April 9, 1910, plaintiff bought the title of McCully and others in the land, paying therefor $4500, at which time the life tenant, John F. McCully, was seventy years of age. It is admitted that at the time of said purchase the lands were of the value of fifty dollars an acre. The value of the life estate of Cynthia Campbell was computed to be equal to the sum of

$3393.33, and the value of the remainder $4336.18. The value of the life estate of John F. McCully was computed to be $2870.07, and that of the remainder at $4829.92. The basis for valuation was the estimated value of the land at fifty dollars per acre.

A witness by the name of Webb testified that he brought about the trade between the parties; that the Texas land was priced at ten dollars per acre; that deceased went to Texas to look at the land there and proposed to take it at ten dollars per acre if plaintiff would take the Missouri land at forty-two dollars per acre; that plaintiff so agreed and paid deceased the difference in cash between the two prices at the agreed valuation, which was the said amount of $1364, whereupon the parties exchanged deeds.

The plaintiff objected to the evidence offered by the administrator of deceased, and admitted by the court, that the Texas land was worth less than ten dollars per acre.

The plaintiff asked the court to instruct the jury to find for plaintiff in the sum of $7000, which was refused. The court in effect instructed the jury that if they found from the testimony, that the value of said life estate in the land was equal or greater than the amount paid by plaintiff to deceased for said land, they should find a verdict in favor of the plaintiff for nominal damages only, but if the consideration paid by plaintiff to deceased should exceed said life estate in the land then they should find for plaintiff for the difference with six per cent interest from the time plaintiff was sued by the holders of the adverse title.

The errors assigned are three. First, the action of the court in admitting testimony as to the value of the Texas land.

Second, in refusing plaintiff's peremptory instruction.

Third, in the giving of that for defendant.

As a matter of fact, there is but one question, that is as to the measure of the plaintiff's damages. In an action for the breach of a covenant of warranty to land the measure of damages is the purchase money paid and six per cent interest from the time of yielding possession. [Lambert v. Estes, 99 Mo. 604; Coleman v. Lucksinger, 224 Mo. 1.] And where the consideration for the deed is an exchange of land the value of the land received by the covenantor for his deed is the measure of damages. [Miller v. McCoy, 50 Mo. 214.] We do not think there can be any disagreement as to the rule as stated. But it is a question whether it is applicable to the case as presented on the part of the plaintiff. In the absence of any proof as to agreement or representation of value the rule would be absolute.

It was entirely competent for the defendant to show the actual value of the land conveyed by him to plaintiff, it not being admitted that there was any representation or agreement as to such value. Therefore, there was no error in the admission of such testimony.

But in view of the fact that there was evidence of the agreed value of the land of plaintiff in Texas which he exchanged for that of defendant; it was error to instruct the jury that if they found that the value of said life estate was equal to or greater than the amount paid by plaintiff for said land, then they should find a verdict in favor of plaintiff for nominal damages only, *"but if the consideration paid by Howard to Zweigart should exceed the value of said life estate"* in the land in controversy, then their finding should be in favor of the plaintiff "for the difference."

The instruction took from the jury the issue presented by the evidence that the Texas land was by express agreement fixed at ten dollars per acre. On this issue if the jury should find for plaintiff he would be entitled to the difference between said fixed value and the amount of the diminution in value of the land of de-

ceased occasioned by defect in the title to the two said quarter sections.

It is well settled law that in the exchange of land where the value is agreed upon by the parties the value thus fixed becomes the measure of damages in an action on the covenants of warranty. It is only in cases where the amount of the consideration for the exchange is not expressly agreed upon that the actual value of the property is adopted as the basis for the measure of damages. [Evans v. Fulton, 134 Mo. 653, and authorities cited; Dickson v. Desire's Adm'r, 23 Mo. l. c. 166-167.] Appellant insists that his peremptory instruction should have been given as his evidence as to agreed value was not contradicted by other testimony.

As a general rule in such cases such instruction should be given. [Bank v. Hainline, 67 Mo. App. 483.] But if such instruction is refused "the appellate court will assume that the trial court saw something in the manner of the witnesses to impair their testimony and will not interfere with the verdict. On the other hand, if apparently unquestioned evidence is followed by a peremptory instruction, the appellate court will assume there was nothing to impair the force of the testimony and will refuse to interfere." [Ibid.] But where the evidence is plain, undoubted and uncontradicted, the peremptory instruction should be given. [Powell v. Price, 111 Mo. App. 320.] If all the evidence on the question is one way a peremptory instruction should be given. [Furber v. Bolt & Nut Co., 185 Mo. 301.] "Where the evidence is uncontradicted that there has been a breach of the contract, and the witnesses are not impeached," a peremptory instruction should have been given. [May v. Crawford, 150 Mo. 504.]

We do not understand that there is any conflict between the case of Bank v. Hainline, supra, and those following. There is more than one way to impeach the credibility of a witness. His manner of testifying and his conduct while so doing, may be such as to impair

the force of his testimony. In this instance, however, the credibility of the witness was not considered as his testimony was entirely ignored by the court upon the theory that the actual value of the Texas land was to be taken as the measure of plaintiff's damages, and not the agreed value. On a new trial the court can determine the credibility of the witness as to the agreed value of the Texas land and if there is nothing to impeach his credibility plaintiff's peremptory instruction should be given to the jury, otherwise it will be for the jury to say whether they will believe his testimony or not. As the plaintiff is not relying for a recovery upon the basis of the actual value of the Texas land, the issue raised by said instruction was not pertinent and should not be submitted in any form. If the Texas land was by agreement valued at ten dollars per acre, and the land of the deceased at forty-two dollars per acre, plaintiff would be entitled to recover the exact amount of $7000 as specified in said instruction.

Reversed and remanded. All concur.