H. W. CURREY, Respondent, v. TRINITY ZINC, LEAD & SMELTING COMPANY, Appellant.

Springfield Court of Appeals, May 8, 1911.    Motion for Rehearing Filed July 20, 1911.

1. ATTACHMENT: Appearance: Giving Bond. Where the defendant in an attachment suit gives bond provided for under section 2341, Revised Statutes 1909, for the purpose of dissolving the attachment, it is a condition precedent that he appear and plead to the action. But a redelivery bond may be given under section 2317 without the necessity of defendant entering his appearance in said cause.

2. JUDGMENTS: Setting Aside Default Judgment: Appearance. In an attachment suit where no service had been had upon defendant, the defendant's attorney, believing it necessary to get the court's order, filed an application to give a redelivery bond, appearing only for that purpose, and this application was later withdrawn by order of the court, because defendant's attorney feared that it might be taken as an appearance. At the same term of court plaintiff obtained judgment by default against the defendant on the theory that the filing of the application to give the redelivery bond was equivalent to an appearance, and the defendant within two days after said judg-

Currey v. Zinc, Lead & Smelting Co.

ment was rendered filed its motion to set the same aside and showed to the court that its attorney had no authority to enter its appearance at that term, and further, that it had a meritorious defense to plaintiff's action. *Held*, that the court should have set aside the default judgment.

3. APPEARANCE: Jurisdiction: Appearing to Set Aside Default Judgment. Where the defendant files a motion to have a default judgment set aside on the ground that no process has been served on defendant in the cause and alleges that it had a meritorious defense to plaintiff's action, this amounts to such an appearance by the defendant as will give the court jurisdiction over the person of the defendant for all purposes in the action, and it is not thereafter necessary to have defendant served with process in said cause.

### On Rehearing.

4. JUDGMENTS: Setting Aside Judgment at Same Term. The right to set aside a judgment on motion made at the term at which the same was rendered, exists independent of any statute. It is the inherent power of every court of general jurisdiction and exists in all cases and upon the application of either party or upon the court's own motion.

5. ———: ———: Parol Evidence Contradicting Record. There is a difference between the weight to be given to the recitals of a judgment when their correctness is made an issue in a direct proceeding at the term at which the judgment was rendered, and when the attack is made at a subsequent term. During the term the record remains in the breast of the court and is alterable by it during that term, and parol testimony is admissible at the same term in a proceeding to get the court to change its judgment, even though such parol evidence may contradict the judgment as written; but after the term has expired, parol evidence is not admissible to contradict the record.

6. ———: Appearances: Withdrawing Appearance. The defendant in an attachment suit, upon whom no service had been had, filed an application asking the court to permit it to give a bond to have its property released from the attachment, and defendant appeared only for that motion; and the bond contemplated was a re-delivery bond, provided for by section 2317, Revised Statutes 1909. Fearing that the filing of this motion would be taken as an appearance the attorney for the defendant, a few days later, requested leave to withdraw the application and the court by order of record permitted the defendant to withdraw the appearance and the application. *Held*, that the order was a judgment of the court until reversed or set aside, and left the court without jurisdiction to render a judgment against the defendant.

7. ———: Setting Aside Default Judgment. In a proceeding to set aside judgment by default, the general rule is that where the application discloses a good defense on the merits and a reasonable excuse is shown why the defendant did not appear and defend the case, and no substantial injury will result from allowing a trial on the merits, the court should exercise its discretion in favor of a trial on the merits.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. G. Young* for appellant.

(1) The withdrawal of an appearance is within the discretion of the court. As a general rule it should be allowed when the appearance is unauthorized. 3 Cyc. 529; Graham v. Spencer, 14 Fed. 603; 2 Amer. & Eng. Ency. Pl. and Pr. 696. (2) If a party makes a motion in a cause, limiting his appearance to a particular purpose, this does not constitute a general appearance. 2 Ency. Pl. and Pr. 637; 3 Cyc. 509; Godley v. New Haven, 156 U. S. 518; Hawkins v. Pierce, 79 Fed. 452; Kime v. Lant, 68 Fed. 436. (3) To authorize a judgment against a party without service of process upon him, some acts of his clearly indicating his intention to voluntarily appear in this action must be shown by the record. Ferguson v. Ross, 5 Ark. 517; Lutes v. Perkins, 6 Mo. 58. (4) In several late, well reasoned cases it has been held that the giving of a redelivery bond is not such an appearance as will give the court jurisdiction of the person. If giving a bond is not an appearance, then certainly the offer to give a bond is not appearance. Hilton & Allen v. Can. Co., 48 S. E. (Va.) 899; Winter v. Packing Co., 93 Pac. 930. (5) The trial court will be more often reversed for refusing to set aside a default judgment than for doing so. Hall v. McConey, 132 S. W. 618.

*George V. Farris* and *W. J. Owen* for respondent.

(1) When an attorney is directed by his client to enter special appearance, yet in doing so he pleads matters operating as a general appearance, the client is bound thereby. McNeal v. Gossard, 74 Pac. 629, 68 Kan. 113; Kramer v. Gerlach, 59 N. Y. S. 855; Maher v. Railroad, 140 Fed. 921. (2) By an appearance for any other purpose than to object to the jurisdiction of the court over his person a defendant voluntarily submits himself to the jurisdiction of the court. Berham v. Lewis, 70 Pac. 337; Long v. Newhouse, 49 N. E. 79; Andrews v. Sheely, 51 So. 122; McCullough v. Railway, 73 Atl. 1007. (3) Where the defendant appears specially to question the jurisdiction of the court over his person, if he includes therein some other grounds recognizing the jurisdiction of the court, it amounts to a general appearance. West Grain Co. v. Bartley, 74 Atl. 730; Dudley v. White, 31 So. 830; Ray v. Trice, 37 So. 582; Nicholas & Sheppard v. Baker, 73 Pac. 302; McCoy v. Stockman, 46 N. E. 21; Gorham v. Tanquery, 48 Pac. 916; Teeter v. King, 76 Pac. 688; Summitt Lbr. Co. v. Cornell-Yale Co., 123 N. W. 444. (4) There are two ways of relieving property from the effect of an attachment by giving bond. One is by giving bond and security to the satisfaction of the officers executing the writ, payable to the sheriff, his successors or assigns, in double the value of the property attached, conditioned that the same shall be forthcoming when and where the court shall direct and shall abide the judgment of the court, and this bond is authorized by section 2317, Revised Statutes 1909, and the other is a bond given to the plaintiff with good and sufficient security to be approved by the court, conditioned that defendant shall pay to plaintiff the amount which shall be adjudged in favor of the plaintiff, etc., and this bond is authorized by section 2341, R. S. 1909. The former does not discharge the lien of an attachment but the latter dissolves the attachment and discharges property of lien. The former may not,

the latter does render the defendant liable to be proceeded against, as in case of personal service. Winter v. Packing Co. 93 Pac. 930; New Albany v. Sulzer, 63 N. E. 873; Ferguson v. Glidwell, 48 Ark. 195; Whiting & Williams v. Budd, 5 Mo. 443; Evans v. King, 7 Mo. 412; Drake on Attachment, sec. 322. (5) Whether an appearance is general or special does not depend upon the form of the pleading, but upon the substance. If the defendant invokes the judgment of the court in any manner upon any question except that of the power of the court to hear and determine the controversy, his appearance is general. Bankers Ins. Co. v. Robbins, 80 N. W. 484; Frank v. Zeigel, 33 S. E. 761. (6) If the defendant intends to rely on a want of jurisdiction he must appear for the sole purpose to object to the jurisdiction; if he appears for any other purpose his appearance is general. Lorton v. Heye, 95 N. W. 1040; Thomason v. Ins. Co. 114 Mo. App. 109. (7) If a defendant has entered his appearance the subsequent withdrawal of his appearance dose not withdraw his appearance so as to deprive the court of the jurisdiction of his person. Harrison v. Bank, 69 N. E. 871. (8) There is an appearance for all purposes where defendant moves to vacate the judgment alleging an illegal service of the writ, and that he has a just defense to the claim which he set out. Jeannette v. Roheme, 47 Atl. 283; Henry v. Henry, 87 N. W. 522; Crawford v. Foster, 84 Fed. 939; Daley v. Iselin, 61 Atl. 919.

GRAY, J.—The plaintiff brought this suit in the circuit court of Jasper County, on the 2d day of July, 1910, to recover from the defendant $1620, and to impound certain funds belonging to the defendant in the hands of A. F. Carmean, clerk of the circuit court of said county. In aid of the suit, an attachment was issued and the funds of the defendant owing by tenants on its mining lands in said county, were garnisheed. Summons was issued to the sheriff returnable to the Octo-

ber term of the court. There was no service on the de-
fendant, but on the 5th day of October, (the third day
of the term) the following motion (omitting caption)
was filed by the defendant: "Comes now the defendant
and appearing for the purpose of this application only,
and represents to the court that the plaintiff has at-
tached the property and effects of defendant and asks
the court to make an order permitting defendant to give
bond in a sum to be fixed by the court and have the prop-
erty and effects of defendant released from said attach-
ment."

On the 13th day of October, the defendant appeared
by its attorney and asked permission to withdraw the
application above set forth, and the following order
was duly entered of record: "By leave of court appli-
cation for an order permitting the defendant to give a
redelivery bond withdrawn."

On the 15th of October, judgment was rendered
against the defendant in favor of the plaintiff. The
judgment of the court recites, "it appearing to the court
that the defendant has filed a motion herein praying the
court for an order allowing it to file a redelivery bond,
and asking the court for an order releasing the attached
property herein," etc.

On the 18th day of October, the defendant filed a
motion to set aside the default judgment, for the follow-
ing reasons: "1st. That said judgment was rendered
without proper service of process upon this defendant.
And defendant states that he has a good and meritorious
defense to the said cause of action stated in plaintiff's
petition, to-wit: That plaintiff has been fully paid for
all services rendered defendant as general manager or
attorney or in any other capacity, and that defendant is
not indebted to him in any sum for said services."

The motion was supported by the affidavit of appel-
lant's attorney, but was overruled by the court, after the
parties had offered testimony relating to the same.

It was shown by the testimony that the defendant is a foreign corporation, with its chief office out of this state; that for sometime previous to the institution of this suit, the plaintiff had been its general manager and attorney in Missouri; that he was superseded by a Mr. Ewell, and this suit was instituted by plaintiff to recover the amounts he claimed the defendant owed him for services rendered. The defendant had appointed Mr. Ewell its agent, upon whom process might be served in this state. The certificate had been filed with the Secretary of State. Mr. Ewell was located in Webb City, but had no sign at his place of business indicating that it was an office of the defendant.

The evidence further shows, however, that the plaintiff had transacted business with Mr. Ewell as the general manager of the defendant, and that plaintiff had this knowledge in plenty time to have served the summons upon Mr. Ewell, had he so desired.

The evidence further shows that it was understood between Mr. Young, the attorney for defendant, and Mr. Ewell, its manager, that nothing should be done to enter the appearance of the defendant at the October term, for the reason that defendant was not ready for trial on the merits. The plaintiff was suing on an account as general manager and attorney, and the defendant wanted to ascertain what services had been rendered, as the defense was that plaintiff had been paid in full for the value of of the services rendered. Parties were mining on the defendant's lands, and its funds were tied up by the attachment proceedings. After talking the matter over, Mr. Young and Mr. Ewell agreed that they could give a redelivery bond to the sheriff under section 2317, Revised Statutes 1909. On reading the statute, the defendant's attorney was of the opinion that the words found therein, to-wit, "under the order of the court," required him to obtain an order from the court to authorize the sheriff to take the bond, and he appeared in court for the sole purpose of getting the order under that section of

the statute; that when he afterwards learned that his appearance for that purpose might be construed as an appearance in the case, and that it was not necessary to apply to the court for an order under that section, he immediately asked permission to withdraw his application, and the same was granted. The order of the court and its judgment show that the court so understood the application of the defendant. It may be stated that there is no conflict as to the facts, and they are substantially as herein stated.

It is the claim of the respondent that appellant's application was made under section 2341. This section provides how an attachment may be dissolved. First. When the affidavit is insufficient. Second. When the defendant shall appear and plead to the action and give bond to the plaintiff, conditioned that the property attached shall be forthcoming when and where the court shall direct. And third. When the defendant shall appear and plead to the action and give like bond, conditioned that the defendant shall pay to plaintiff the amount which may be adjudged in favor of the plaintiff, including interest and costs of suit.

It will be noticed that the authority to dissolve attachment by giving bond, is conditioned on the appearance of defendant and plea filed to the action. The defendant did not appear and plead to the action, and there is no testimony tending to prove that it was proceeding under section 2341. The undisputed testimony corroborated by the order and judgment of the court, shows that defendant was proceeding under section 2317.

Counsel for the respondent claim that the decision is controlled by the case of Whitings & Williams v. Budd, 5 Mo. 443. In that case a motion was filed to quash the attachment, and the parties were intentionally proceeding under what is now section 2341, and the court rightfully held that they were in court for all purposes. And if the evidence showed, in this case, that defendant was

prcceeding under the provisions of that section, we would hold that notwithstanding it attempted to limit its appearance, that it was in court for all purposes.

But it is shown beyond question by all the evidence, that the defendant's attorney was proceeding under the other section of the statute, and not only with no intention of entering the appearance of his client, but at the time there was an understanding between him and his client that nothing should be done to enter the appearance of the defendant in the case at that term.

It is further shown that when the attorney learned that his actions might be construed by the plaintiff as an appearance, that he at once applied to and was granted permission by the court to withdraw the application.

This court has taken an advanced step toward the trial of cases upon the merits. We have adopted a most liberal set of rules in regard to the sufficiency of abstracts of the record filed in this court. These rules were adopted with a view of avoiding the necessity of dismissing so many appeals on account of mere technicality. In the recent case of Hall v. McConey, 132 S. W. 618, we declared: "Courts should and do favor the trial of causes upon their merits, and, if failure to secure such trial is not due to the negligence of the party in default, he should, upon a proper showing of merits, be given an opportunity to be heard. And it is well settled that the appellate court is less apt to interfere when the judgment was set aside, than when it was not. This is upon the theory that, when the judgment is set aside, the cause is reopened and justice will yet be done on the merits between the parties." We further said: "The general rule is that, where the application discloses a good defense on the merits, and a resonable excuse for delay is shown, and no substantial injury has resulted from such temporary delay, the court should exercise its discretion in favor of the trial on the merits."

In the present case, the suit was not for trial at the October term. The action of the defendant's attorney

in applying to the court, under a mistaken view of the law, for an order to permit the sheriff to take a redelivery bond, in no wise delayed the prosecution of plaintiff's suit. The case is not similar to one where the party has been served with process, but failed to appear and the plaintiff appeared in proper time and took his judgment. In such a case, to set aside the judgment is to punish the plaintiff for the negligence of the defendant.

The premises considered, we are of the opinion that when the defendant made it appear to the court that its counsel was not authorized to enter its appearance for the October term, and that in making the application for a bond, the attorney was under the impression that it was necessary to obtain an order of the court before the sheriff was authorized to accept a redelivery bond, and that the attorney appeared for no other purpose, and subsequently, when he learned that plaintiff was construing his conduct as an appearance, immediately withdrew his application, and that defendant was claiming that it had a meritorious defense to plaintiff's demand, and that it had paid plaintiff all sums due him for services rendered defendant, the court should have set aside the default judgment.

The appearance of the defendant for the purpose of asking to have the default judgment set aside, and alleging that it had a meritorious defense to plaintiff's cause of action, was such an appearance by defendant that it was in court for all purposes at the time the court overruled the motion to set aside the judgment, and it will not be necessary for the plaintiff to take further steps to secure jurisdiction over the person of the defendant.

The judgment will be reversed and the cause remanded, with directions to the trial court to set aside the default judgment and give the defendant an opportunity to plead to the merits. All concur.

## ON REHEARING.

GRAY, J.—The respondent charges that the opinion in this case is in conflict with the following cases: Atkinson v. R. R. Co., 81 Mo. 50; Nevatt v. Springfield, 79 Mo. App. 198; Cloud v. Pierce City, 86 Mo. 357; Adams v. Cowles, 95 Mo. 501 8 S. W. 711; Mobley v. Nave, 67 Mo. 546; Henley v. Kinley, 16 Mo. App. 176; Milner v. Shipley, 94 Mo. 106, 7 S. W. 175; Ainge v. Corby, 70 Mo. 257; Feurt v. Caston, 174 Mo. 289, 73 S. W. 576.

The above list includes cases from all the appellate courts of this state. And we are further advised by the respondent that our opinion is in conflict with the law as declared in all the text books, and with the decisions of all courts that have ever ventured an opinion on the subject. This attack is on that part of the opinion declaring that the recital of appearance in the judgment was not conclusive upon the defendant, and that defendant had the right to contradict the same by parol testimony.

A reading of the decisions from the courts of this state above cited, and with which it is claimed our opinion is in conflict, will disclose that in each case the attack on the judgment was made at a subsequent term, and in nearly every instance, in a collateral proceeding. The difference between the weight to be given to the recitals of a judgment when their correctness is made an issue in a direct proceeding at the term at which the judgment was rendered, and when the attack is made at a subsequent term, has been recognized from an early day. In Co. Lit. 260a, it is said: "During the terms wherein any judicial act is done, the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme, as the judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proof to the contrarie."

157 App.—28

In a very early day in this state, our Supreme Court recognized this well-known difference. In Lindell v. The Bank of Missouri, 4 Mo. 228, the judgment recited that the defendants appeared by their attorneys. At a subsequent term a motion was filed supported by affidavit contradicting this recital. The Supreme Court said: "The record says the bank appeared by attorney. This must stand true, at all events it cannot be contradicted by affidavit. If this were allowed, then every judgment rendered in a court of record, would at all times be subject to the same proceeding, no property would he safe, the sanctity of a record would be lost, and with it, all security for right. It may be, if the attorney who appeared for the bank, did so by mistake, this mistake if discovered, might be corrected during the term, but hardly afterwards."

In the present case, the proceeding is a direct attack upon the judgment, and at the same term at which it was rendered. The difference in the principle is to be applied where the attack is made at a subsequent term or in a collateral proceeding, and where it is made by direct attack at the same term, is clearly pointed out in Davidson v. Hough, 165 Mo. 574, 65 S. W. 731, as follows: "It is true, as the learned counsel say, that a court speaks only by its record, but that is said of a court record in a collateral inquiry; it is not true that the verity of the record cannot be impugned by parol evidence in a direct assault in a manner allowed by law. For example, in this case, suppose when the parties appeared pursuant to the notice that an application for a temporary injunction would be made to one of the judges of the St. Louis Circuit Court, they discovered that instead of a mere preliminary proceeding, which might be had before a judge in vacation, the plaintiff presented his case in an open session of court and asked a final decree on its merits, and the defendants had then and there said that they were not there for that purpose and had thereupon retired, and suppose then a decree had been

entered reciting that the defendants had appeared and consented thereto, can there be any doubt but that in a proceeding like this the defendants could show what the truth was by parol evidence and prohibit the court from further proceedings based on that decree? To hold the contrary would be to say that a court could so intrench itself in its own record as to be invulnerable to such an attack."

While the respondent filed a voluminous brief on this point and orally argued his motion for rehearing, he has not cited an authority holding that parol testimony is not admissible in a proceeding like this, to contradict the recitals of a judgment.

It is respondent's next contention that, if we hold appellant did not appear to the merits, and was not served with process, then it had no right to file an ordinary motion during the term to set aside the judgment, but was compelled to resort to a petition for review under sections 2101 and 2104, Revised Statutes 1909. And a vigorous assault is made on the correctness of the opinion of this court in Hall v. McConey, 132 S. W. 618, wherein we held that a motion to set aside a judgment may be filed any time during the term at which the judgment was rendered.

The right to set aside a judgment on motion made at the term at which the same was rendered, exists independent of any statute. It is the inherent power of every court of general jurisdiction, and exists in all cases, and upon the application of either party or upon the court's own motion.

In Harkness v. Jarvis, 182 Mo. 1. c. 235, 81 S. W. 446, Fox, Judge, said: "That judgments rendered remain in the breast of the court during the entire term at which they were rendered, and may be set aside or vacated by the court at any time during the term, upon its own motion, is conceded, and it is equally well settled that a motion to set aside or vacate a judgment, independent of the statute in respect to motion for new trial

and in arrest of judgment and the time of filing, may be filed by either party any time during the term at which the judgment was rendered."

In Hall v. McConey, and in the present case, we have declared no new rule in this state, but in holding that a motion to set aside a judgment may be filed at any time during the term at which the judgment was rendered, we were only following the conceded practice in this state, as declared in Williams v. Circuit Court, 5 Mo. 248; Childs v. Railroad, 117 Mo. 414, 23 S. W. 373; Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446; Miller v. Crawford, 140 Mo. App. 711, 126 S. W. 984.

The respondent insists that the record conclusively shows the defendant appeared in open court with the intention of giving a bond to dissolve the attachment and not a redelivery bond under section 2317. The bond to be given under section 2317 is known in legal language as a "Forthcoming" or "Redelivery" bond, and the bond given under section 2341, as a "Bond to Dissolve."

The trial judge was well acquainted with these terms, and in his order permitting the defendant to withdraw its application, and in the judgment subsequently rendered, he states that the application was for an order to give a redelivery bond. If the court was of the opinion that the defendant was asking to give a bond to dissolve the attachment, it is strange the court did not use that term in speaking of the bond.

But the respondent says that no property was found in the possession of the defendant, and therefore, the defendant was not entitled to give a redelivery bond. Section 2317 plainly provides that when the property of the defendant shall be found in his possession or in the possession of any third person, the defendant may give a bond to the officer that the property shall be forthcoming. But it is again insisted that the property mentioned in this section is tangible property, and that the record in this case does not show that any tangible property of the defendant was attached. The abstract of the

record recites that the sheriff, under the writ of attach-
ment, levied on all the real estate belonging to defend-
ant, and also the royalties due defendant from tenants
mining on its land. The respondent, however, claims
that this recital is contradicted by the sheriff's return.
In this respondent is again in error. The sheriff's re-
turn on the writ is not contained in the record, but his
return on the summons is found therein. The respond-
ent's error is due to the fact that he has mistaken the
return on the summons for the return on the writ.

In addition to the reasons assigned in the original
opinion for a reversal of the judgment, the appellant
contended that whatever appearance was entered was
withdrawn with the consent of the court, and it was
error for the court to subsequently render a judgment
against it without notice. The appellant's counsel tes-
tified that he was not authorized to enter the general
appearance of his client, and that he made the applica-
tion under the erroneous idea that it was necessary to get
the permission of the court to give a redelivery bond;
that when he learned that the plaintiff might construe
his action as an appearance, we went to the court and
stated that he desired to withdraw anything on the
record indicating an appearance, for the reason that he
had no authority to appear in the case, and that the
judge stated there was nothing on the record indicating
in any way that he intended to appear in the case, and
thereupon, the court made the order permitting him to
withdraw his application. The truthfulness of this tes-
timony was not challenged by the respondent. There
was no service in the case, and no right to proceed to
judgment except it was based on this inadvertent ap-
pearance. This appearance was practically withdrawn
with the consent of the court, and while it was thus
standing in full force, and while the court must have
known that defendant was acting on the theory that its
appearance (if it ever had appeared) had been with-

drawn with the consent of the court, a judgment for over $1600 was rendered against the defendant.

The withdrawal of the appearance and the application was a judgment of the court until reversed, or until set aside, and left the court without any jurisdiction to render the judgment against the defendant. [McArthur v. Lefler, 110 Ind. 56, 10 N. E. 83; Jenkins v. Yorks-Cliffs Imp. Co., 110 Fed. 807.]

In any event it seems to us that under the circumstances of this case, when these matters were presented to the court on a motion to set aside the judgment, made almost immediately after the same was rendered, the court failed to exercise a proper judicial discretion when it refused to set aside the judgment.

In Parks v. Coyne, 137 S. W. l. c. 340, this court said: "The reason for the strict enforcement of the rule as to the trial court's discretion in these matters in most of the cases is that plaintiff would suffer expense or delay, if the default judgment were set aside. This condition does not exist in this case, for the defendant moved to set aside the default judgment within three days after it was rendered. The general rule is that, where the application discloses a good defense on the merits, and a reasonable excuse for delay is shown, and no substantial injury has resulted from such temporary delay, the court should exercise its discretion in favor of the trial on the merits."

That the decisions of this court are not out of harmony with the decisions of other courts upon this subject, we cite the following pointed language from the Court of Appeals of Kentucky, in the case of Southern Ins. Co. v. Johnson, 131 S. W. 270: "In the case at bar it appears that appellant in good faith and without unnecessary delay employed counsel preparatory to making its defense. The defense presented is meritorious. If true, appellee had obtained judgment by a mere slip for some $1200 more than he was entitled, and had obtained a judgment for a sum none of which was then

due. The application to set aside the default judgment was within two days after it was entered, and before any other rights had arisen based upon it. The ends of justice are better subserved by allowing the parties to proceed to a trial of their controversy and a rendition of a judgment in conformity to the facts on the merits of the case, rather than let one of them hold the sum of $1200 which he may not be entitled to in law or fact, but which he obtained through a misunderstanding and mishap of the counsel opposing. It was an abuse of judicial discretion not to grant appellant's motion."

The motion for rehearing is overruled. All concur.